## SUPREME COURT.

THE CUMBERLAND COAL & IRON COMPANY agt. THE HOFFMAN STEAM COAL COMPANY and others.

To authorize this court to entertain *jurisdiction* of an action by or against a *foreign corporation*, the *cause of action*, or the *subject of the action*, or at least some *property to be acted upon*, must have arisen, or be situated within our jurisdiction. *It seems* that even the *domestic origin* of the cause of action, although allowed by the Code, existing alone, might, and probably would be disregarded by other states when called upon to give effect to the judgment.

NEW YORK PRACTICE REPORTS. 63

Cumberland Coal and Iron Co. agt. Hoffman Steam Coal Co.

In an action brought in this court by a corporation created by the laws of Maryland, against another corporation of Maryland relating to lands in the state of Maryland, and for acts and wrongs done and suffered in Maryland, in relation thereto, and under a transportation contract between them, alleged to have been procured by fraud, asking that the transaction be cancelled, and a reconveyance of the land be directed, *held*, that this court had no jurisdiction of the case, although it was alleged that two of the defendants sued with the Maryland corporation, and members and stockholders of it were personally within the jurisdiction of this court, and had possession of the papers asked to be cancelled, which were executed in the city of New York, although the deed was recorded in the state of Maryland.

*New York General Term, February*, 1859.

*Present*, ROOSEVELT, DAVIES *and* CLERKE, *Justices*.

THIS was an appeal from an order made by Judge SUTHER-LAND, at special term, setting aside the summons, complaint, and all subsequent proceedings in this action, as to the defendants, The Hoffman Steam Coal Company.

The principal facts are as follows : The action was commenced by the service of a summons and complaint on the defendants, Sherman and Dean, personally, and upon the president and one of the directors of The Hoffman Steam Coal Company, in the city of New York. The plaintiffs and defendants are both foreign corporations, organized under the laws of, and in, the state of Maryland. Since the commencement of the action, S. Brook Postly has been made a party defendant by supplemental complaint. The defendants, Sherman, Dean and Postly, are, and were when the action was commenced, all residents of the state of New York ; and Postly was, and is, the president of the Hoffman company. No attachment was issued in the action when the same was commenced, or has been since.

The Hoffman company has not appeared generally in the action, or answered or demurred, but appears specially for the mere purpose of making this motion. The motion is on the part of the Hoffman company, for an order setting aside the summons, complaint, and all subsequent proceedings in the action, on the grounds : 1st. That the Hoffman company has not been lawfully served with the summons or complaint, and has not appeared in the action ; 2d. Be-

cause the plaintiff and the Hoffman company are both non-residents of this state, and the cause of action did not arise, and the subject matter of the action is not situate in this state; 3d. Because the said Hoffman Steam Coal Company has no property within this state.. The motion was made on the summons and complaint, and an affidavit of the defendant, Postly. The complaint, which is verified by Mr. Palmer, the vice-president, and a director of the plaintiffs, alleges on information and belief, that the Hoffman company has coal, and credits for the proceeds of coal and property, in the city of New York. The defendant, Postly, in his affidavit, states that he is, and has been since its organization, the president of the Hoffman company, and has been, and is, well acquainted with all its business affairs and transactions, and its property, and the situation thereof, and that to his knowledge or belief, the said company has not, and had not, when the summons and complaint in this action were delivered to him, any property or coal, or credits for the proceeds of coal, in this state. In reply to this, the affidavit of Mr. Palmer, read on the motion by the plaintiffs, states facts and circumstances merely, which would make it probable that the Hoffman company had, or has property or coal in New York, or that the Hoffman company are, or have been, working its mines in Maryland, and transporting coal therefrom destined for New York.

The complaint alleges that the plaintiffs were possessed of certain lands, and of a railroad interest, in Maryland; that the defendant, Sherman, was one of the directors of the plaintiffs; that while such director he fraudulently procured from the plaintiffs to himself and the defendant, Dean, a deed of a certain portion of these coal lands, (stating various facts and circumstances to show the fraud;) and that he also fraudulently procured the execution by the plaintiffs, to and with himself and Dean, of a certain contract for the transportation of coals which might be taken

from the coal lands so conveyed to Sherman and Dean, over the railroad of the plaintiffs; that the purchase of coal lands by Sherman and Dean was made without the payment of any money, and that the rates of freight specified in the contract for the transportation of coals were not sufficient to indemnify the plaintiffs against the actual cost of transportation; that Sherman was enabled to, and did, accomplish his purposes of fraud, by fraudulent collusion with the president, by misrepresentations to the directors, and by an abuse of the trusts confided in him as a director of the plaintiffs, and as chairman of a committee, appointed at his instigation, to negotiate for the sale of the lands in question; that the deed and transportation contract were executed in New York city, where the board of directors of the plaintiffs met, and all the frauds were committed there; that afterwards, Sherman, Postly, and certain persons of Baltimore, Maryland, organized under the laws of Maryland, the incorporation by the name of " The Hoffman Steam Coal Company of Alleghany," which is made a defendant in this action; that Sherman and Postly are two of the five directors of that company, the other three being residents of Baltimore; that on or about the 20th of August, 1858, Sherman and Dean executed and delivered to the said Hoffman company, a deed of the lands so conveyed to the plaintiffs, and have assigned, or are about to assign to the Hoffman company, the transportation contract made with them by the plaintiffs; that the Hoffman company had full notice, before the conveyance and assignment to them, of all the frauds by which the deed and transportation contract to and with Sherman and Dean had been procured of the plaintiffs; that Sherman and Dean mined and took from the lands so conveyed to them about 21,000 tons before May 1st, 1857, and about 26,000 tons between that time and May 1st, 1858, and about 32,000 tons between May 1st, 1858, and August 1st, 1858; and since the last mentioned day have taken directly, or through the Hoffman

company, about 15,000 tons, and that the Hoffman company are continually removing coals from the land, and converting the same to their own benefit.

The original complaint alleges that all the deeds and papers, the deed to Sherman and Dean, the deed to the Hoffman company, the transportation contract, and the assignment thereof, are in the possession, custody and control of Sherman. The supplemental complaint, making Postly a party defendant, alleges that he, as president, is entitled to the possession of these papers, and that he has the possession or custody of the transportation contract, and of an assignment thereof, or contract in relation thereto, by Sherman and Dean, under which the Hoffman company claim the right, and have exercised, and are exercising the right, to transport coals under and by virtue of the transportation contract. It appears from a certified copy of the deed of Hoffman & company, taken from the land records of Alleghany county, Maryland, that the deed is dated August 20th, 1858, was acknowledged before a justice of the peace, in Baltimore, the same day, and was recorded on the 21st day of August, 1858, at the request of the Hoffman company. There are other allegations in the complaint, charging Sherman with various misapplications and appropriations of the plaintiffs' funds to his own use, and calling upon him to account for the same. It also appears from the deed to the Hoffman company, and the complaint alleges, that the consideration of the deed was the issuing to Sherman and Dean of certificates for a large number of shares of the Hoffman company stock; and the complaint alleges that Sherman, Dean and Postly are the holders of said stock. The complaint asks for a temporary injunction restraining Sherman and Dean and the Hoffman company, and each of them, from selling, conveying, or incumbering the lands; from mining or taking any coal therefrom; from carrying away, selling, or transporting any coal, the product of the mines; and from in any manner using or interfering

with the said lands, or with the coal or other product thereof; and from assigning or parting with the transportation contract or right under the same; and from instituting any action or proceedings in any court, for the purpose of enforcing the said contract, or any rights claimed under the same. As final relief, the complaint asks that the transportation contract, and all assignments thereof, or of any rights under it, to the Hoffman company by Sherman and Dean, be adjudged fraudulent and void, and be decreed to be delivered up to be cancelled; and that the sale and deed to Sherman and Dean by plaintiffs, and the deed by Sherman and Dean to the Hoffman company, be adjudged to be fraudulent; and that a reconveyance thereof by the Hoffman company be decreed; and that the defendants, and each of them, be decreed to account for the coal they have taken from the lands, and the proceeds which they have respectively received, and to pay the same, as well as other rents and profits of the premises, to the plaintiffs. The original complaint also asks that Sherman and Dean, and the supplemental complaint that Postly, be decreed to assign and deliver to the plaintiffs all the shares of stock in the Hoffman company which they have received, hold, or are entitled to, and all rights and interests in the said stock or company, which they have acquired as the consideration in the whole, or in part of the said lands.

By the court, ROOSEVELT, Justice. This suit, so far as the appeal is concerned, is an attempt to determine, in a court of the state of New York, a controversy between two corporations, created by the state of Maryland. Mr. Justice SUTHERLAND, at special term, considering the matter as belonging to another jurisdiction, dismissed the summons and complaint, and sent the parties to the forum to which, as he conceived, they properly belonged. From that decision the plaintiffs have appealed; and, although they have presented in support of their positions a very extended

and elaborate argument, the question, as it appears to me, requires little more than a brief statement to dispose of it.

As a matter of comity, it is clear that no duty devolves upon this state to entertain jurisdiction of the controversy. Indeed it might well be suggested that to do so, instead of comity, would savor somewhat of impertinent interference. And certainly the courts of this state, especially those in the first district, are not so deficient in business as to make it incumbent on them *ampliare jurisdiction.*

The plaintiffs, as their charter shows, were created a body corporate, not only by the laws of Maryland, but for the purpose of managing a large body of land lying exclusively in the state of Maryland, " containing extensive beds of coal and iron ore."

The defendants, The Hoffman Steam Coal Company, organized, it appears, by the same authority and for a like purpose, became the purchasers by fraud, it is alleged, of part of this land. And the great object of the suit—the only one that need be noticed—is to cancel the transaction and obtain a reconveyance. What—I repeat it—has this court to do with the case ?

Foreign corporations, it is true, in some instances may sue or be sued in our courts ; but to warrant the proceeding there must be either a necessity or a fitness suggested by the peculiar circumstances. The cause of action, or the subject, or at least some property to be acted on, must have arisen or be situated within our jurisdiction. (*Code, section* 527 *and* 134.)

Indeed, without these qualifications, or one or more of them, the judgment, should the court render it, would be a nullity. It would operate on nothing in the state, and be regarded by nobody out of it. Even the domestic origin of the cause of action, although allowed by the Code, existing alone, might, and probably would, be disregarded by other states, when called upon to give effect to the judgment. We ourselves, in the instance of a Vermont case,

Cumberland Coal and Iron Co. agt. Hoffman Steam Coal Co.

have so construed the federal constitution, declaring that the decree rendered under such circumstances, was not a "judicial act," to which another state was bound "to give full faith and credit."

The object of the present suit is not to obtain a moneyed judgment to be levied on property or debts which may by possibility come within the jurisdiction. In such a case, if the foreign corporation were " doing business in this state," (*Act of* 1855,) there would be no difficulty, as there would be no unfitness in allowing them to be sued here by the service of a summons " on the person doing business for them," and that is the whole extent of the act referred to. But here the leading object is to annul a conveyance made to the defendant, the Hoffman company, of land in Maryland—a conveyance, too, which was acknowledged in that state, and delivered and placed among its recorded titles, several months before this suit was instituted. In other words, the plaintiffs, a Maryland corporation, ask the court of New York to entertain in effect an ejectment against another Maryland corporation, for lands in Maryland—a proposition which needs only to be stated to be refuted. To say, in such a case, that either " the cause of action" or " the subject of action," exists, or has arisen in New York, or that the legislature of New York contemplated assuming jurisdiction in such a case, would seem little short of preposterous.

As the plaintiffs have waived all objections to the form in which the question is presented, and have agreed that the point involved should be disposed of on its merits, the order appealed from must be affirmed, but without costs.

DAVIES, Justice, dissented.