JOHN JOHNSTON, ET AL., Plaintiffs in Error, *vs.* G. W. PIPER, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY, SIXTH JUDICIAL DISTRICT.

In an action to set aside a conveyance of real estate as a fraud against creditors, the complaint charged that one of the Defendants conveyed the premises "by what purported to be a warrantee deed." This Defendant answered alone, and it was objected that he had no right to appear in the action, on the ground that it does not appear that his deed contained covenants. *Held*—that as it was not shown that this deed was not in the usual form of a warrantee deed, the interest of the Defendant in the subject matter of the action, is sufficiently shown to authorize him to interpose a defence.

Where a complaint set forth specifically certain facts in regard to transfers of real estate, from which fraud may be inferred, these facts must be specifically denied. And a general denial by the Defendant that he ever combined or confederated with other Defendants, to delay or defraud the Plaintiff, does not raise an issue upon the special facts alleged, and they must be held as true.

A complaint charged that the Defendant had fraudulently assigned and conveyed real and personal property, by reason whereof the Plaintiff had been unable to collect a judgment against the Defendant, and was afraid of losing his debt, &c. The Defendant denied this, and alleged that the assignment was made in good faith for the benefit of creditors, &c. The reply sets up certain facts, which, if true, would avoid the assignment as to creditors. *Held*—that a material issue was raised by the pleadings, and it was error to give the Plaintiff judgment thereon, without a trial of the issue.

Points and authorities of Plaintiffs in Error :

*First.*—The Court erred in allowing a decree upon the pleadings, because :

*1st.*—The Defendant John Johnston had a right to defend both because he was made a Defendant, and on account of his covenant of warrantee, and did answer.

*2d.*—The answer of John Johnston makes an issue of fact.

*Second.*—"The right of trial by jury shall remain inviolate," &c. *Con. of Minn. Art.* 1, *Sec.* 4. "Issues how tried"— *Comp. Stat. of Minn.* 557.

*Third.*—The Plaintiffs in error claim that the question of fraudulent intent is raised in these pleadings, and that issue was joined thereon, and—

*Fourth.*—"The question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact. *Comp. Stat. of Minn.* 459. " Strictly speaking there is no such thing as fraud in law; fraud or no fraud is and ever must be a fact; the evidence of it may be so strong as to be conclusive, but still it is evidence, and as such must be sub-

mitted to a jury." *Seward vs. Jackson*, 8 *Cow.* 435 ; *Cunning-ham vs. Freeborn*, 11 *Wendell*, 253 ; *Smith vs. Neil*, 1 *Hawks*, 341 ; *Taylor vs. Ewbank*, 3 *Marshall*, 239–241.

*Fifth.*—The Plaintiffs in error further claim that the issue of exemption was raised in the pleadings, and that trial was denied by the Court. *See former authorities and case.*

Points and authorties of Defendant in Error :

*First.*—The facts alleged in the complaint constitute a cause of action, and are conclusive of fraud upon the Defendants below, unless specifically controverted by the answer, as prescribed by statute. *Comp. Stat. p.* 543, *Sec.* 84.

*Second.*—The Defendants below, Benjamin F. Pratt, and Ellen S. Johnston, did not answer or defend, though personally served with process, and the Defendant, John Johnston, could not answer for them nor defend their fraudulent acts as charged in the complaint. Neither could he defend the title to the property in the Defendant, Ellen S. Johnston.

*Third.*—The relief demanded in the complaint, and given by the decree, reached the land only, the title to which was then in Ellen S. Johnston, who by her silence admitted in law our right to them, and all the other facts alleged ; hence the Defendant could not be and was not aggrieved by the decree. 1st.—Because he had no interest in the lands. 2d.—It does not appear that his deed of them contained covenants. 3d.—The other Defendants could not hold him liable on his covenants, if there were any, they having lost all rights as against him by their own neglect.

*Fourth.*—The Defendants below, Ellen S. Johnston and B. F. Pratt, cannot seek relief from this Court by writ of error, the judgment against them having been taken by default.

*Fifth.*—The answer of John Johnston makes no material issue of fact. *Grover vs. Wakeman*, 11 *Wendell*, 207 *and* 226, *overruling Jackson vs. Seward*, 8 *Cowen*, 406. " Where the law exists and the transgression is admitted, the intent follows as a legal inference." *Cunningham vs. Freeborn*, 11 *Wendell*, 253.

The correct rule, we apprehend to be that where the facts, either proved or *admitted upon the face of the papers*, are

fraudulent in judgment of law, the Court is bound to hold them conclusive against the Defendant, though an actual fraudulent intent, except as thereby manifested, is denied or disproved. *Dunham & Dimon vs. Walterman, et als.,* 17 *New York Court Appeals* 9; 2 *Barb.* 196; 2 *Wendell,* 464; 3 *Marsh,* 239, *does not apply, as the pleadings are not similar*; also 8 *How. Pr. R.* 309.

It is beyond the power of the Legislature to give the jury the power to determine what is or what is not fraud, as it would clothe them with full power to impair contracts, 1 *Vol. Clinton's New York Law and Equity Digest, p.* 662, *Sec.* 110.

*Sixth.*—The pleadings show no right of homestead in the answering Defendant.

*Seventh.*—Answers in all cases, to avail the party answering, must fall within one of the following classes :

*1st.*—Those which deny some material allegation of the complaint.

*2d.*—Those which confess and avoid those allegations. *Van Santvoord's Plds.* (3d edition) 404 *and* 461.

Tested by these rules, the answer will be found to contain no defence.

*Eighth.*—If it should be determined that the answer and complaint include an issue of fact, still the decree was properly rendered by the Court below—the judge deciding the question of fraud or fact upon the evidence before him, as did the Chancellor, in *Cunningham vs. Freeborn*—without the intervention of a jury.

The action, and the relief sought and granted, were equitable in their nature, and belonged exclusively to the equity side of the Court.

COWAN & COX, Counsel for Plaintiffs in Error.

PAULDING & AUSTIN, Counsel for Defendant in Error.

*By the Court.*—ATWATER, J.  The Defendant, John Johnston only, appeared in the action below, and it is contended by the counsel for the Defendant in error, that he has no interest in the subject matter of the action, and has no right to appear

therein, on the ground that it does not appear that his deed of the lots in question contained covenants. The complaint states that he conveyed the premises to Pratt, by " what purports to be a Warrantee Deed." Such a deed in the ordinary form does covenant to warrant and defend the title against all persons whomsoever, and it not appearing that this deed was not in the usual form, the Defendant Johnson is shown to have a sufficient interest in the subject matter of the action to authorize him to interpose a defence.

The first part of the answer, in which the Defendant denies " that he the said Defendant, with Ellen S. Johnston ever combined or confederated with B. F. Pratt, to cheat, delay or defraud this Plaintiff, by the execution and delivery of a warrantee deed," etc., is too general to raise an issue of fact, as to those portions of the complaint which it purports to answer. The complaint sets forth specifically certain facts in regard to the transfers of the lots in question from which fraud may be inferred, as that they were made without consideration, at a different time from what they purport to have been, etc. If these statements are not specifically denied, they must be held as true, and the Defendant cannot put them in issue by the form of denial adopted in the answer. An issue of law only is tendered, which is inadmissible by answer.

But there is one issue of fact well made, and which we think material to the case, and should have been tried. The complaint states, " that about the time of making the above described deeds, John Johnston, one of the Defendants, fraudulently assigned and conveyed real and personal property not including said premises, so that this Plaintiff has not been able to enforce the said judgment against the said Johnston, and that he has good reason to believe and does believe that he may lose the amount now due him from the said Johnston, unless the court grant him relief in the premises."

The answer sufficiently denies the foregoing allegation, and also sets up, that the assignment was made in good faith for the benefit of creditors, of all his property and effects, etc. The reply takes issue upon this, and sets up certain matters in reference to the assignment, which, if found as stated in the reply, would doubtless avoid the assignment as to creditors.

But whether true or not, could only be determined by the court, upon a trial of the issue.

It is claimed by the counsel for Defendant in error, that this issue is immaterial, and that the court below committed no error in disregarding it, and giving judgment for the Plaintiff on the pleadings. This view is manifestly incorrect. The Plaintiff himself alleges in his complaint, that by reason of this fraudulent assignment, he has not been able to enforce his judgment against Johnson. The allegations of fraud in the complaint, in regard to the transfer of the lots in question, if found true, would not alone have entitled the Plaintiff to the relief demanded in the complaint. If it appeared that creditors were not injured by such fraud, that there was other property from which their claims might be satisfied, there would be no ground for the interference of the court in the matter. The ground upon which the aid of a court of equity is invoked in suits of this nature is, that the Plaintiff is otherwise remediless, and this fact must appear in the pleading. In this case the Plaintiff shows that the Defendant had other property than the lots, the conveyance of which he seeks to set aside. But he also complains, that on account of the fraudulent conveyance by the Defendant, of this other property, he was unable to collect his debt. From the manner and connection in which this charge regarding the fraudulent assignment is introduced in the complaint, there seems to be some doubt, as to whether the pleader intends to allege it as a part of the same fraudulent transaction with the conveyance of the lots, and in pursuance of the same object. If so, there would perhaps be the stronger reason, that the facts in regard to both should be equally inquired into. Suffice it to say, however, that the reason assigned by the Plaintiff why he is unable to collect his debt, is on account of this fraudulent assignment, and is not stated to be on account of the fraudulent conveyance of the lots. If the assignment be valid, *non-constat* that the Plaintiff may not, or might not have recovered his debt from the property assigned. It becomes therefore material to examine this issue, and the court below erred in disregarding it and rendering judgment on the pleadings. The judgment below must be reversed, and a new trial granted.