THEODORE BRINCKERHOFF, Suing for Himself and Other Stockholders, etc., Appellants, v. HENRY BOSTWICK, as Receiver, etc., et al., Respondents.

The directors of a corporation, if through gross negligence and inattention to the duties of their trust, they suffer the corporate funds to be lost or wasted, are liable for the loss so sustained.

An action may be brought by a receiver of a National bank against its directors to recover damages so sustained, at least when no proceeding is pending under the National Bank Act for the forfeiture of its charter.

In case the receiver is one of the directors chargeable with neglect of duty, such action may be maintained by the stockholders, and when the stockholders are numerous the action may be brought by one or more in behalf of all.

It is not necessary to allege in the complaint in such an action a direction from the comptroller, or a demand upon him and a refusal to direct the receiver to bring the action, or a refusal of the receiver to sue.

Such an action may be brought in a State court.

The bank itself and the receiver, as such, are proper and necessary parties defendant to such an action.

It *seems* that the provision of said act (U. S. R. S., § 5239), that if the directors of a bank organized under it shall knowingly violate or permit the violation of the provisions of the act, the franchises of the bank shall be forfeited, such violation, however, to be first determined by a United States court in an action brought by the comptroller of the currency, and in case of such violation making the directors participating therein liable for damages, applies only to violations of the act itself, by the assumption of powers in excess of the franchises granted, or by a disregard of the prohibitions of the act,

(Argued November 30, 1881 ; decided February 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed a judgment in favor of defendants, entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 23 Hun, 237.)

The substance of the pleadings is given in the opinion.

*E. A. Brewster* for appellant.   The directors of a bank are trustees and the stockholders *cestuis que trust,* and the latter, in case a trustee is unfaithful, have a remedy independ-

ently of any statute or act of Congress. (2 Kent's Com. [12th ed.], 280 and note 1; A. & A. on Corp., § 310; *Robinson v. Smith,* 3 Paige, 233; *Scott v. De Peyster,* 1 Edw. Ch. 513; U. S. R. S., § 5239.) If the bank on request refuse to sue, or if the persons to be sued still have control of the corporation, any stockholder may sue in his own name, or on behalf of himself and the other stockholders, making the corporation a party defendant. (*Greaves v. Gouge,* 69 N. Y. 154; *S. C.,* 49 How. 79; *Gardiner v. Pollard,* 10 Bosw. 677; *Smith v. Rathbun,* 66 Barb. 407; Angell & Ames on. Corp., § 312; *Robinson v. Smith,* 3 Paige, 233.) There is no misjoinder of parties defendant. (*Kennedy v. Gibson,* 8 Wall. 506; *Pahquioque Bk. v. First Nat. Bk. of Bethel,* 36 Conn. 325; *Green v. Wallkill Nat. Bk.,* 7 Hun, 63.) This court has jurisdiction of the subject-matter of this action. (*Claflin v. Houseman,* 3 Otto, 130; *Robinson v. Nat. Bk. of Newberne,* 81 N. Y. 385.) In all cases in which civil rights and obligations are to be enforced in favor of individuals against National banks or their officers, the party aggrieved is left at liberty to proceed in the ordinary way in the State courts. (*Cooke v. State Nat. Bk. of Boston,* 52 N. Y. 97; *Bletz v. Columbia Nat. Bk.,* 87 Penn. St. 87; 30 Am. Rep. 343.)

*John Thompson* for respondents. A State court had not jurisdiction to try this action. (U. S. R. S., §§ 5147, 5209, 5239; U. S. R. L., § 711; *U. S. v. Lathrop,* 17 Johns. 4; 14 id. 339; *Trall v. Felton,* 1 Com. 537; *Claflin v. Houseman,* 3 Otto, 130; *The Moses Taylor Case,* 4 Wall. 429; *Martin v. Hunter's Lessee,* 1 Wheat. 334; *Ex parte McNeil,* 13 Wall. 236; *U. S. v. Conant,* Brown's Nat. B. Cas. 148; *Torrey v. Keater,* Brown's U. S. Cas. 404; *State v. Fuller,* 34 Conn. 280; Thompson's Bk. Cas. 375; *Comm. v. Felton,* 101 Mass. 204; Thompson's Bk. Cas. 573; *Comm. v. Barry,* 116 Mass. 1; Thomps. 605; *State v. Curtis,* 35 Conn. 374; *Ches. Bk. v. First Nat. Bk.,* Thomps. 531, 533; 40 Md. 269; *Mo. River Tel. Co. v. First Nat. Bk.,* 74 Ill. 217; Thomps. 401; *Newell v. Nat. Bk. of Somerset,* 12 Bush, 57; Thomps. 582;

*Farmers' Bk. v. Dearing*, id. 17.) There was an improper joinder of the receiver with the directors. (Code, § 488; sub. 7.)

RAPALLO, J. The complaint charges, among other things, that the defendants Bostwick and others, who were directors of the National Bank of Fishkill, neglected to perform their official duties as such directors, and negligently permitted the money, property and effects of the bank to be stolen, wasted and squandered. That they negligently permitted various persons and corporations who were insolvent and irresponsible to overdraw their accounts to a large amount without security, and negligently permitted the money of the bank to be loaned to irresponsible persons and corporations, without adequate security, whereby said money was lost; that they employed a cashier who was dishonest, unfaithful and incompetent, all of which was known to them; that they neglected to take and keep good and sufficient security for the performance of the duties of said cashier, and of the president and other officers of the bank, and that they so negligently and carelessly conducted its affairs that its entire capital, surplus, property and effects were lost and the stock rendered worthless, and the stockholders were rendered liable for a large sum of money on account of the unpaid debts of the bank.

The plaintiff avers that he was the holder of sixteen shares of the capital stock, and that, by reason of the negligence and misconduct of said directors, he has sustained damage to the amount of $3,200, and each of the stockholders has sustained damages to the amount of double the par value of the stock held by him.

The complaint then sets out the default of the bank in not redeeming its circulating notes, and the appointment by the comptroller of the currency, in January, 1877, of the defendant Bostwick as receiver of the bank pursuant to the provisions of the National Banking Act. That such receiver duly qualified and has ever since acted and still continues to act as such receiver, and that before the commencement of this action the

plaintiff requested said receiver to bring an action against the said directors for the damages which the bank or its stockholders had sustained by the negligence and official misconduct of said directors, but that he neglected and refused to bring any action against them, or any of them, and that he himself is one of said directors who are charged with misconduct.

The action is brought by the plaintiff in his own behalf, and on behalf of all the other stockholders of the bank, and the judgment demanded is that the damages which the bank and its stockholders have sustained may be ascertained, and that the defendants who were directors of the bank may be adjudged to pay such damages, and that the receiver may collect them for the benefit of the creditors and stockholders, or that the plaintiff may recover his damages and costs, and that the other stockholders who may come in may have such judgment as they are entitled to, etc.

The receiver, the bank and the directors are joined as defendants.

The respondents demurred to the complaint on the ground of want of jurisdiction, improper joinder of parties, want of legal capacity to sue, and failure to show a cause of action.

The Supreme Court at General Term held in favor of the plaintiff on the question of jurisdiction, and the sufficiency of the statement of the cause of action but sustained the demurrer on the ground that the demand upon the receiver, and his refusal to bring an action against the delinquent directors, was insufficient to authorize the plaintiff to sue as a stockholder; that the receiver had no authority to prosecute except under the direction of the comptroller of the currency, and that in refusing to bring an action he acted in accordance with his duty, the court at the same time expressing the opinion that an improper refusal of the comptroller of the currency to prosecute and to direct the receiver to prosecute, would entitle the stockholders to sue in their own behalf, making the corporation a party defendant.

The defendants contend that the comptroller of the currency, and not the receiver, was the proper party to bring the action.

It seems to us that the case must turn upon this question. If the defendants are right in their position that the right of action is in the comptroller of the currency, the stockholders, as a matter of course, could not sue except in case of his refusal. But if the receiver represents the bank, and is the proper party to prosecute, then we think enough is shown to justify the stockholders in applying directly to the court for relief.

The causes of action set forth in the complaint are losses and misapplication of the funds of the bank through the negligence and misconduct of its directors. For these losses the bank, if still exercising its corporate functions, would have a claim upon the guilty directors which it could enforce by action; but if it refused to prosecute, or if it still remained under the control of the very directors against whom the action should be brought, the stockholders would have a standing in a court of equity to sue in their own names, making the corporation a party defendant. (*Robinson* v. *Smith*, 3 Paige, 222, 233; *Greaves* v. *Gouge*, 69 N. Y. 154; Ang. & A. on Corp., § 310; see review of cases in *Heath* v. *Erie Railway Co.*, 8 Blatchf. 347, 393.)

Section 5234 of the United States Revised Statutes provides that upon the appointment of a receiver by the comptroller, such receiver shall, under the direction of the comptroller, take possession of the books, etc., of the association, and collect all debts, dues, and claims belonging to it, and pay the money collected by him to the treasurer of the United States. The receiver is the only person authorized by the act to collect dues and claims belonging to the bank. Whether special instructions from the comptroller to the receiver are necessary to enable the receiver to collect or sue for each particular claim, it is not very material, in our view of the case, to inquire. It is sufficient for all present purposes to show that no person but the receiver is empowered by the act, or can be directed by the comptroller to collect claims belonging to the bank. That the claims set out in the complaint belonged to the bank and could have been enforced by it but for the receivership is too plain to require argument.

The claim that the right of action was vested in the comptroller rests wholly upon the provisions of section 5239 of the Revised Statutes of the United States, whereby it is enacted that "If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association, to violate any of the provisions of this title, all the property, privileges and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper circuit, district, or territorial court of the United States, in a suit brought for that purpose by the comptroller of the currency in his own name, before the association shall be declared dissolved.

" And in cases of such violation, every director who participated in, or assented to the same, shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person shall have sustained in consequence of such violation."

These provisions are evidently intended to apply to violations by these corporations of the law under which they are organized, and to subject them to the forfeiture of their corporate franchises upon such violations being established by the judgment of a court of the United States. Being organized under an act of Congress, the jurisdiction to declare a forfeiture of their franchises is very appropriately vested exclusively in the courts of the United States, and the comptroller of the currency is designated as the officer who shall prosecute for the purpose of having such forfeiture adjudged. It would of course be very inappropriate that such a proceeding should be instituted by a receiver who has only to deal with the assets of the bank, and the requirement that the violation should be adjudged by a court of the United States, at the suit of the comptroller, is, by the terms of the section, made essential " before the association shall be declared dissolved," but there is nothing in the act which renders it essential for any other purpose; and it is further to be observed that this is the only provision of the act which authorizes the comptroller to institute any action in relation to the affairs of a National bank.

The further provision that every director who participates in the violation of the Banking Act shall be personally liable for damages, does not in terms require that the action for such damages be brought in a court of the United States, nor that it be instituted by the comptroller, nor do we think that it has reference to such violations by the directors, of their duties to the bank, as are the subject of this action, but rather to violations of the National Banking Act, by the assumption of powers in excess of the franchises granted, or the disregard of the prohibitions of the act; — offenses of the character which usually subject a corporation to the forfeiture of its charter.    These are offenses committed by the corporation itself, through its directors and officers, against the government by whom its franchises are granted, and very different in their character from breaches of trust by an officer, agent or trustee of a corporation for which he is responsible only to the corporation or its shareholders. Even if it should be held that where proceedings for the forfeiture of the franchises of the corporation are instituted by the comptroller under section 5239, he may also proceed against the directors for damages, it does not follow that where there is no proceeding for forfeiture, he is the proper party to proceed against directors or officers for damages for which they are responsible to the corporation.    In *Kennedy* v. *Gibson* (8 Wall. 506), it is said by the Supreme Court that the receiver represents the creditors and the association, and is the proper party to bring suits at law and in equity, and that he may sue in the State courts.

The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and in proper cases to its shareholders, for such wrongs exist independently of any statute.    By the Revised Statutes of New York (2 R. S. 462), it is declared that the chancellor has jurisdiction over directors, managers, and other trustees, and officers of corporations, to compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge, and to compel pay-

ment by them to the corporation whom they represent, of all sums of money, and the value of all property which they may have acquired to themselves or transferred to others, or may have lost or wasted by any violation of their duties as such trustees. These enactments are, however, merely declaratory of a jurisdiction long previously conceded to exist, both in this State and in England, and to them were added by further provisions of the Revised Statutes certain visitorial powers not before exercised by the Court of Chancery (except in cases of charitable bodies), viz. : to restrain corporations from exceeding their corporate powers. This latter jurisdiction was that which the Court of Chancery disclaimed in the well known case of the *Attorney-General* v. *The Utica Ins. Co.* (2 Johns. Ch. 389), with reference to which case the provisions of the Revised Statutes just referred to were framed. But in that very case, jurisdiction in cases like the present was conceded to be inherent in the court, and in *Robinson* v. *Smith* (3 Paige, 222, 233), the power is declared to exist, independently of the provisions of the Revised Statutes, so far as the individual rights of stockholders are concerned, to call directors to account and make satisfaction for losses occasioned by breaches of their trust. This jurisdiction has been continually exercised in England and in this country, and is not of statutory origin. (Angell & Ames on Corp., § 312, and cases cited.)

The action to recover such losses, as before observed, should in general be brought in the name of the corporation, but if it refuses to prosecute, the stockholders, who are the real parties in interest, will be permitted to sue in their own names, making the corporation a defendant (69 N. Y. 154). And that course of proceeding is also allowed if it appears that the corporation is still under the control of those who must be made the defendants in the suit. (See *Butts* v. *Wood*, 37 N. Y. 317 ; *Robinson* v. *Smith*, 3 Paige, 222.) In such cases a demand upon the corporation to bring the suit would be manifestly futile and unnecessary. A suit prosecuted under the direction and control of the very parties against whom the misconduct is alleged, and a recovery is sought, would scarcely afford to the shareholders the remedy to which they are entitled, and the

fact that the delinquent parties are still in control of the corporation is of itself sufficient to entitle the shareholders to sue in their own names. (*Hodges* v. *New England Screw Co.*, 1 R. I. 312; *Heath* v. *Erie Railway Co.*, 8 Blatchf. 347.) If they could not be permitted in such cases to assert their own rights in a court of equity, the directors, so long as they remained in office, could set them at defiance.

In the present case the corporation cannot sue, because all its rights of action have been transferred by operation of law to the receiver. He certainly is not a proper person to whom to intrust the conduct of the action, even did he consent to institute it, or should the comptroller of the currency direct him so to do, for he is one of the parties charged with misconduct and against whom a remedy is sought. It necessarily follows that the shareholders must be permitted to sue in their own names, or the wrongs complained of must go without redress, and substantial rights be sacrificed to a mere matter of form. The shareholders are the parties whose interests are involved in the proceeding. If conducted in the name of the corporation or the receiver, it would be as their representative and for their benefit; and when, as in this case, sufficient reasons are shown why it cannot be effectually prosecuted in that form, the right of the shareholders to sue in their own names is sanctioned both by principle and precedent.

Where the shareholders are numerous, the suit may be brought by one or more in behalf of all. (*Butts* v. *Wood*, 37 N. Y. 317; *Robinson* v. *Smith*, 3 Paige, 222; *Hichens* v. *Congreve*, 4 Russ. 562; 8 Blatchf. 347.)

The jurisdiction of the State court to entertain the action is also challenged by the demurrer. The right of action is not in our opinion derived from the act of Congress, but depends upon general principles of equity; but in any aspect of the case the State courts have concurrent jurisdiction, unless exclusive jurisdiction has been conferred upon the United States courts. (*Claflin* v. *Houseman*, 3 Otto, 130; *Robinson* v. *Nat. Bk. of Newberne*, 81 N. Y. 385; *National Bank of Gloversville* v. *Wells*, 79 id. 498, affirmed in the Supreme Court

of the U. S., Jan. 1882.)      The jurisdiction of the State courts over actions against National banks is expressly recognized by the act, and such jurisdiction has been repeatedly exercised in actions by receivers to collect claims due to such banks.    There can be no reason why civil actions brought by stockholders in place of the receiver, to enforce claims against delinquent directors or officers, should stand upon any different footing.    The only cases in which exclusive jurisdiction is conferred by the Banking Act upon the courts of the United States, so far as we can find, are proceedings to enforce the forfeiture. of the franchises of banking associations for violations of the act (§ 5239), and proceedings to enjoin the comptroller of the currency from winding up the corporation, through a receiver. There is nothing in the act which withdraws from the jurisdiction of the State courts civil actions to enforce rights of individuals against National banks or their officers.    (*Cooke* v. *State Nat. Bk. of Boston*, 52 N. Y. 96 ; *Bletz* v. *Columbia Nat. Bk.*, 87 Penn. St. 87.)    Criminal prosecutions for offenses created by the act stand upon a different footing.    Exclusive jurisdiction in such cases is vested in the Circuit and District Courts of the United States by the Judiciary Act of 1789.

The bank was a proper and even a necessary party defendant.    (*Robinson* v. *Smith*, 3 Paige, 222.)    It continued to be a corporation, notwithstanding the appointment of a receiver, and the receiver may bring actions in its name.    (*Pahquioque Bk.* v. *Bethel Bk.*, 36 Conn. 325 ; 8 Wall. 506, *supra ; Green* v. *Walkill Nat. Bk.*, 7 Hun, 63 ; *City of Lexington* v. *Butler*, 14 Wall. 283 ; *Bank* v. *Kennedy*, 17 id. 19.)    The receiver was also a necessary party, as it was through him that the amount which might be adjudged against the directors was to be collected and paid over.    The presence of both of these parties was necessary to a final determination of the controversy.

We entertain no doubt of the sufficiency of the allegations of the complaint to constitute a cause of action against the defendants who are sued as directors.    The rule of liability in such cases is well stated by Chancellor WALWORTH in *Robinson*

*v. Smith* (3 Paige, 222). "The directors of a corporation who willfully abuse their trust or misapply the funds of the company, by which a loss is sustained, are personally liable as trustees to make good that loss, and they are also liable if they suffer the corporate funds to be lost or wasted by gross negligence and inattention to the duties of their trust." (See, also, cases cited in *Cumb. Coal Co.* v. *Hoffman Coal Co.*, 30 Barb. 159; *Cunningham* v. *Pell*, 5 Paige, 607, 613.)

The judgment appealed from should by reversed and judgment rendered for the plaintiff on the demurrer, with costs, with leave to the defendants to withdraw the demurrer within thirty days on payment of costs in this court, and in the Supreme Court, and to answer the complaint.

All concur.

Judgment accordingly.