# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## June, 1886.*

41  109|
8ap173|

JAMES MacNAUGHTON, on Behalf of Himself and Others, Appellant, *v.* RALPH R. OSGOOD, THE OSGOOD DREDGE COMPANY and Others, Respondents.

*Contract by the trustees of a corporation with themselves—when an action to set it aside may be brought by a stockholder — what he must establish — presumption as to good faith on the part of the trustees.*

Although a resolution, adopted by the three trustees of a manufacturing corporation fixing the salaries and compensation to be received by them respectively as secretary, treasurer and vice-president of the corporation, is not binding upon the corporation, and may, at the election of the corporation, be set aside, yet an action, brought by a stockholder of the corporation against the trustees and the corporation to set aside the said resolution and compel the repayment of the salaries received thereunder, cannot be maintained unless the plaintiff shows that the corporation ought to exercise its right to avoid the resolution or contract so made by its trustees, in which they were personally interested.

In such an action by a stockholder, there is no presumption that the trustees have acted dishonestly, which they are required to overcome by affirmative evidence; although the burden of so doing would rest upon them, in an action brought by the corporation, itself to attain the same end.

Motion for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a motion for a nonsuit granted at the Albany Circuit.

The action was brought to restrain the officers of a corporation from

---

* Adjourned from May term, 1886.

paying to themselves salaries fixed by them in their own favor, and to compel them to refund the amount already received.

*G. L. Stedman*, for the appellant.

*George Richards*, for the trustees, respondents.

*Dickinson W. Richards*, for the Osgood Dredge Company, respondent.

LANDON, J.:

We assume that the directors of a corporation are trustees; that the corporation is their *cestui que trust*; that for any violation of their duty to the corporation, whereby it is injured in its estate, the directors are personally liable to it; that a stockholder may, in case the corporation refuses to enforce its remedy, or is prevented from doing so by the control of the directors who have done the wrong, bring it and the wrong-doing directors into court, and thus have the remedy enforced.

The statute (Code Civ. Pro., § 1781, subs. 1, 2) sanctions such an action, and a previous demand of the corporation to bring the action is unnecessary when it is wholly under the control of the directors whose wrong is complained of. (*Brinckerhoff* v. *Bostwick*, 88 N. Y., 52–59.) The directors cannot lawfully so control the corporation as to make it a party to a contract with themselves, wherein their personal interests are involved upon one side and the interests of the corporation on the other. (*Hoyle* v. *Plattsburgh and Montreal R. R. Co.*, 54 N. Y., 314; *Blake* v. *Buffalo Creek R. R. Co.*, 56 N. Y., 486.) Since the corporation is unable to negotiate, decide, act or think except through its officers and agents, such officers and agents are bound to negotiate, decide, act and think for it with entire fidelity to its best interests. Such fidelity is not presumed when the private interest of the officer or agent is in conflict with the interest of the corporation. The authorities in support of this proposition, and most of those above set forth, are collected and discussed in the able opinion of Judge VAN BRUNT, in *Metropolitan Elevated Railway Company* v. *Manhattan Railway Company* (14 Abb. N. C., 103). If, however, such a contract should be made between the directors and the corporation, the contract is not absolutely void, but it is void or valid as the corporation,

when freed from the control of its interested directors, may elect. (*Barnes* v. *Brown*, 80 N. Y., 527.) It is possible that a contract so made may be in the highest degree beneficial to the corporation, and the law does not disable it from adopting its benefits.

It follows that the resolutions adopted by these three directors, fixing the salary of one of them as president, and of the other as secretary and treasurer, and providing somewhat indefinitely for the compensation of the third as vice-president, are not binding upon the corporation. The corporation is under the control of these three directors, and has thus presumably been disabled from exercising its right to exercise its election to adopt or avoid these resolutions.

The plaintiff, by this action, brought the corporation and its three directors into court, and asks, upon substantially an undisputed state of facts, that the resolutions be avoided and the salaries paid under them be restored to its treasury. Under the circumstances, the corporation should be adjudged to do and receive what the evidence shows it is just that it should do and receive. The plaintiff, by bringing the action, undertakes to make out a case. He contends, however, that having shown the fiduciary relation of the directors, and that they adopted these resolutions to their own advantage, and have received their pay in pursuance of them, that the presumption is that they acted dishonestly, and that the burden rests upon them to overcome, by affirmative evidence, this presumption.

Now, if the corporation had elected to rescind these resolutions and had brought its action to recover the salaries paid under them, doubtless the burden would have rested upon the directors to overthrow the presumption, if, in any aspect of the case, it would be material to do so. But the plaintiff is a volunteer champion of the cause of the corporation. The court does not interfere in the management of a corporation, except in a clear case demanding such interference. (*Barnes* v. *Brown*, *supra;* *Chautauqua Co. Bank* v. *Risley*, 19 N. Y., 381; *Hawes* v. *Oakland*, 104 U. S., 460.)

It is not clear, from the simple fact that the directors voted themselves salaries and received them, that the corporation has been injured. It is conceivable that this action was beneficial to the corporation. The corporation has received, in consideration, the valuable services of these officers. If these officers had not rendered these services others would need to have been employed, and from

the nature of the services, especially those of Mr. Osgood, the inventor of the machines which constitute the principal value of the enterprise and business, it might not have been able to employ any one who could so efficiently perform them; besides, there is a manifest propriety in a corporation employing those who are most interested in its success, and are also best able to promote it, and hence follows the duty to render them reasonable compensation. (*Jackson* v. *N. Y. C. R. R. Co.*, 2 Sup. Ct. [T. & C.], 654; *Talcott* v. *Olcott Mfg. Co.*, 11 W. Dig., 141.) The corporation may avoid such a contract with its trustee, but cannot do so except upon equitable terms, and must restore to him what it received from him. (*Duncomb* v. *N. Y., H. and N. R. R. Co.*, 84 N. Y., 190.) Hence the corporation, upon rescinding, ought to pay the reasonable value of the services of these officers, rendered in a department of labor beneficial to it, and outside of the duty of direction which the office of director implies. See *Metropolitan Elevated Railway Company* v. *Manhattan Railway Company* (14 Abb. N. C., at pages 258, 259), where the case of *Jackson* v. *New York Central Railroad Company* (2 Sup. Ct. [T. & C.], 653; affirmed, 58 N. Y., 623) is commented upon, and the cases are cited in which the right of a director to recover for such services is shown to rest solely upon a *quantum meruit*, and such we have no doubt is the law.

The plaintiff is not the corporation, his right to champion its interests must rest upon his showing affirmatively that it needs him somewhat in the character of its guardian *ad litem* to bring it into court for its proper protection, and hence the burden rests upon him to make such a case as will show that the corporation ought to exercise its right to avoid the resolution or contract made by its directors, in which they were personally interested.

There is a plain distinction between a case in which the corporation may, at its own option, avoid such a contract, and a case in which the corporation, from the fact that it is despoiled and in the hands of its spoilers, ought to be adjudged to avoid it. The plaintiff made the former case, but not the latter, and hence the judgment should be affirmed.

Parker, J., concurred; Bockes, P. J., not voting.

Judgment affirmed, with costs.