HENRY W. SAGE and Others, Appellants, *v.* ANDREW R. CULVER and Others, Respondents.

*Action for accounting — rights of minority stockholders — allegation of misappropriation — demand that a corporation bring an action.*

While a minority stockholder, in the absence of waste, mismanagement or fraud, has no standing as an individual, yet a complaint which alleges a general misapplication of the funds by persons who have obtained control of the corporate management states a cause of action.

An allegation that the managers of a corporation have taken sums of money from its treasury for themselves, for money loaned for improvements not made then, nor made for several years thereafter, and in fact paid out of the ordinary revenues of the company, is a direct charge of misappropriation for which there is no legal justification.

The minority stockholders of a corporation have a right to require a financial statement from it.

Where a corporation is under the control of alleged wrongdoers it is unnecessary for a stockholder to demand that an action alleging a misappropriation of its funds be brought by the company.

APPEAL by the plaintiffs, Henry W. Sage, Dean Sage and William H. Sage, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 13th day of February, 1893, and from an order sustaining the defendants' demurrer to the complaint, entered in said clerk's office of the county of Kings on the 3d day of January, 1893.

*William C. De Witt*, for the appellants.

*Geo. W. Wingate*, for the respondents.

BARNARD, P. J.:

The Prospect Park and Coney Island Railroad Company was organized in 1874, and operates a railroad from the city of Brooklyn to Coney Island. The defendant Culver is the president, and the defendant Washington the treasurer thereof. The complaint states that in 1879 the capital stock was $500,000 in amount, of which the plaintiffs owned $50,000. That there then existed a first and only mortgage of $500,000. That in 1880 the capital stock was reduced by an issue of income bonds to the extent of one-half his stock. In 1886 the company sold a part of its line for $420,000 secured by a mortgage due January 1, 1895. The defendants Culver and Washington then proposed to create a new mortgage on the part of the line wanted for $500,000, and with the proceeds to pay a debt to defendants Culver and Washington; to pay the $80,000 needed with the $420,000 mortgage; to pay in full the $500,000 first mortgage, and to leave the balance of $170,000 in the treasury of the company for improvements. Three hundred and ninety thousand dollars of bonds were issued under this project. The defendants Culver and Washington owned a large majority of the stock of the company and have always controlled its management. The plaintiffs were opposed to the second mortgage of $500,000. The company has apparently done a prosperous business, which the plaintiffs believe to have been sufficient to pay dividends upon its stock, especially after the sale of the portion of its line for $420,000, but it has never paid a dividend on its stock or any interest on its income bonds. The company leased a small road built by the New York and Coney Island Railroad Company, of which the defendant Culver was president, and the defendant Washington the treasurer, for $10,000 a year, which did not cost more than $50,000. The defendant company has refused to give the plaintiffs information as to its management. The company has refused to show its books to the plaintiffs. A new mortgage of $200,000 was authorized by the stockholders in 1891, for the purpose of paying off the floating debt. The company refuses to give any information about this floating debt. Culver and Washington state that the $250,000 which they paid themselves out of the treasury of the company was for a loan by them to the company for certain improvements which were not in fact made until several years after that date. Culver,

SECOND DEPARTMENT, JULY TERM, 1893.          [Vol. 71.

Washington and the plaintiffs own the entire stock and income bonds, with the exception of a slight fraction, and Culver and Washington have the exclusive control of the road and its management. The complaint states a cause of action. While a minority stockholder in the absence of waste, mismanagement or fraud has no individual standing, the complaint does charge a general misapplication of the funds by two persons who have obtained control of the corporate management; that the company has done business sufficient to pay dividends, and it has not done so; this, of itself, would not be sufficient to make a cause of action; but the managers admit that they have taken $250,000 from the treasury for themselves for money loaned for improvements which were not then made, nor were they made for several years thereafter, and which were, in fact, paid out of the ordinary revenue of the company, so that the admission of the averment asserts a direct charge of misappropriating the proceeds of a loan which the company made under the management of the president and treasurer, and that there was no legal justification of the act. Assuming all the facts in the case in connection with this charge, there is a case made for an accounting. The minority stockholder should have the right to require a statement from the company. (*Robinson* v. *Smith*, 3 Paige, 221.) It is not necessary to demand that the company bring the action, as the company is still under the control of the alleged wrongdoers. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.)

The order sustaining the demurrer to the complaint and the interlocutory judgment therein should be reversed, and the demurrer overruled, with costs, the defendants to have the right to answer in twenty days, on payment of costs of demurrer and of appeal.

PRATT, J., concurred.

Order sustaining demurrer to complaint and judgment therein reversed, with costs, and demurrer overruled, with leave to defendants to answer on payment of costs.