(Franklin County Common Pleas.)

CHARLES E. MIESSE et al. v. JAMES M. LOREN et al.

---

*Action by stockholder and creditor of an insolvent bank against directors for gross negligence and inattention, asking for an accounting, an equitable action—Directors are personally liable—Creditor or stockholder as party defendant—*

1. The directors of a corporation are personally liable if they suffer corporate funds or property to be wasted or lost by gross negligence and inattention to the duties of their trust; and an action may be maintained against them for the amount of such losses.

2. Where the corporation is insolvent and has ceased to prosecute the objects for which it was created, and its affairs are in the hands of a receiver who has refused to bring the action, a creditor and a stockholder of the corporation may join as plaintiffs and bring such action for the benefit of all the corporate creditors and stockholders where they are very numerous and it is impracticable to bring them all before the court.

3. And in any such action a creditor or stockholder may come in and be made a party defendant, and may file an answer and join in the prayer of the petition.

4. A court of equity will assess damages where there is no adequate remedy at law.

(Decided April 18, 1898.)

(Charles E. Miesse, who sues on his own behalf, as well as on behalf of each and all of the creditors and depositors of The Fifth Avenue Savings Bank, and Mary E. Thomas, who sues on her own behalf, as well as on behalf of each and all the stockholders of said The Fifth Avenue Savings Bank v. James M. Loren et al., directors of said bank, and John Field, receiver of said bank.)

On demurrers to the petition for misjoinder of causes of action, and of parties plaintiff and defendant, and that the petition does not state a cause of action.

Also on motions to the answers and cross-petitions of defendant stockholders and creditors.

EVANS, J. :

The plaintiffs, Miesse a creditor, and Thomas, a stockholder, of The Fifth Avenue Savings Bank, a corporation, bring this action for the benefit of themsevles and all the other creditors and stockholders of the corporation. Relief is sought against the ten directors of the bank on the ground of gross mismanagement, negligence and inattention on their part, in the discharge of their duties. The allegations of the petition show that the bank was incorporated January 15, 1894, under the laws of this state; that it commenced business February 1, 1894, with a capital stock of $50,000.00; that on January 13, 1896, it ceased to do business, was insolvent and a receiver was appointed to take charge of its affairs; that the assets of the bank amount to $78,503.71; and its debts and liabilities to about $150,000.00; that the defendant directors were elected January 18, 1894, and are now its directors except one of them, who ceased to be a director in March, 1895. The petition, in substance, alleges that by reason of gross mismanagement, negligence and inattention of the defendants (directors), to their duties, the plaintiffs and others on whose behalf this action is brought, have been damaged; that said gross mismanagement, negligence and inattention were in respect to various matters which the petition sets forth. The petition also states, in substance, that the defendant bank and The Farmers and Mechanics Bank, on or about January 18, 1894, made an agreement whereby the latter was to transfer its accounts to the new bank (the defendant), and also its moneys and bills receivable, and the new bank was to pay out of the funds, etc., so to be transferred to it, the money due to the old bank's depositors; that the books of the old bank were turned over to the new bank and the deposit accounts of the latter bank were kept therein by a continuation of the accounts of the depositors of the old bank; that the new bank paid to the depositors of the old bank the sum of $55,000.00, and received from the old bank only $8,293.00 in cash, and about $21,000.00 in bills receivable; that the old bank was insolvent and a partnership concern consisting of five members, three of whom are defendants

herein, and were, at the time of the making of said agreement, also directors of the corporation, and one of them was its president, and another a member of the finance committee of the corporation, which committee was composed of three of the directors. The petition charges the directors with gross mismanagement, negligence and inattention in appointing a cashier of the corporation, he being, it is alleged, incompetent, careless and dishonest, to the knowledge of the directors at the time they appointed him; in neglecting to give attention to the affairs of the bank, and in leaving the care and management thereof to said cashier; in permitting the funds of the defendant bank to be paid out to the depositors of the old bank in excess of the funds and bills receivable transferred by that bank to the defendant corporation; in not discovering the financial condition of the old bank when the agreement was made, and in not obtaining and receiving from the old bank a sufficient amount of funds and bills receivable; in not discovering that for a year or more the moneys of the new bank were wrongfully being paid out upon the debts and liabilities of the old bank to make up a shortage and defalcation therein; in not procuring and opening a new set of books for the new bank at the commencement of its business, February 1, 1894, or within a reasonable time thereafter; in failing to comply with section twenty-three of the rules and by-laws of the corporation, which required the directors to make an examination of the books and business of the bank at least once each month. The petition also in substance, charges that the cashier wrongfully withdrew from the funds of the bank about $10,000.00, which the defendants by reason of their negligence failed to discover, and that the cashier wrongfully paid out illegal commissions for making loans, to the amount of $4,500.00, which the defendants by reason of inattention failed to discover. It is also alleged, in substance, that by reason of the defendants' (directors) gross mismanagement, negligence and inattention, the corporation capital was wasted and lost and the bank became insolvent and ceased to do business and went into the hands of a receiver. The prayer is for an accounting, that the equities and rights of all for whom the plaintiffs sue, and the liabilities of the defendants, may be ascertained, adjudged and determined; and plaintiffs pray for general equitable relief.

The case is now before the court on demurrers to the petition for misjoinder of causes of action, and of parties plaintiff and defendant, and because the petition does not state a cause of action. Other pleadings in the case are also assailed.

The directors of a corporation are personally liable if they suffer corporate funds or property to be wasted or lost by gross negligence and inattention to the duties of their trust; and an action may be maintained against them for the amount of such losses.

Horn Silver Mining Company v. Ryan, 42 Minn., 196; Ackerman v. Halsey et al., 37 N. J. E., 356; Williams v. McKay, 40 N. J. Eq., 189, 201; Brinkerhoff et al. v. Bostwick et al., 88 N. Y., 52; Brinkerhoff et al. v. Bostwick et al., 105 N. Y., 567; Sperry's Appeal, 71 Penn. St., 11; Delano v. Case, 121 Ill., 247; Wait on Insolvent Corp., sec. 595; 3 Amer. and Eng. Ency. of Law (2nd Ed.), 845.

And the liability is to the corporation where it is capable of acting. Horn Silver Mining Company v. Ryan, supra; but if it refuses to do so, then a person aggrieved may bring the suit, 1 Ency. of Pl. and Pr., 56, 57. If the corporation be insolvent and its affairs in the hands of a receiver, he may maintain the litigation. Brinkerhoff v. Bostwick et al., 88 N. Y., 52. If he refuses, or is himself involved, a person aggrieved may sue. Ackerman v. Halsey, supra, 362; Brinkerhoff v. Bostwick et al., 88 N. Y., 52. Here the corporation is insolvent, and there is a receiver, who was a proper person to bring the suit, but he has refused to do so, and the stockholders and creditors, being in equity the real parties in interest, may bring and maintain the action. Ackerman v. Halsey, supra. And especially may they do so in the courts of this state where it is no longer an open question that a corporation for profit, organized under the laws of this state, after it has become insolvent and ceased to prosecute the objects for which it was created, holds its property and assets in trust for its creditors and stockholders. In Rouse, Trustee v. Merchant's National Bank, 46 Ohio St., 493, the court say: "The stockholders are made liable, in addition to their stock, to an amount equal to the stock held by them, to secure the payment of the debts of the corproation. This liability, * * * is a security exclusively for the benefit of the creditors of the corporation, over which the corporation has no control; and * * * is for the equal benefit of all the creditors. * *. The powers of corporations over their property, * * * are so circumscribed by positive statute that no corporation can employ its stock, means, assets or other property, directly or indirectly, for any other purpose whatever, than to accomplish the legitimate object of its creation. * * * It is obvious, that the corporate property, cannot with propriety be said to be owned by the corporation, in the sense of ownership as applied to property belonging to natural persons." (pp. 500, 501). "It is now so well established as to be no longer a subject of controversy, that the relation of trustee and cestui que trust subsists between the directors and shareholders. * *. It is the right of the creditors, equally with the shareholders, to have the corporate property applied to the purposes for which the corporation was created, and this includes the payment of the corporate indebtedness contracted in the prosecution of its business." "The rights of the creditors to the corporate property, so far as it is necessary

to meet their demands, are superior to those of stockholders'' pp. 502, 503. ''After the insolvency of the corporation is ascertained, and the objects of its creation are no longer pursued, the managing board of directors then having the custody of the property, becomes trustees thereof for the creditors; and this relation, necessarily forbids any discrimination between the beneficiaries, in the distribution or application of the fund. ''The due execution of the trust, demands absolute impartiality towards the cestui que trustent. They must be treated alike, and no preference can be made among them, without a direct violation of the duties arising from the relation.'' (p. 504). ''The objects for which the corporation was created being no longer prosecuted, * * there remains no purpose to which its assets can lawfully be devoted, except to the payment of its debts. In equity the corporate property becomes the property of the creditors, and their equities are equal.'' * * ''When the fund is no longer demanded for the purposes of the corporation, the rights of the creditors become fixed instantly and equally.'' p. 505.

Where, as in the case here, the corporation is insolvent and has ceased to prosecute the objects for which it was created, and its affairs are in the hands of a receiver who has refused to bring the action, the right of the corporate creditors is clearly manifest; and it is equally manifest that the stockholders, who are liable in addition to their stock, to an amount equal to the stock held by them to secure the payment of the corporate debts, have an interest in the subject of the action and in obtaining the relief demanded, and may be joined as plaintiffs with the corporate creditors. Rev. Stat., sec. 5005. And a creditor and a stockholder of the corporation may join as plaintiffs and bring the action, for the benefit of all the corporate creditors and stockholders, where they are very numerous, and it is impracticable to bring them all before the court. Rev. Stat., sec. 5008; Ackerman v. Halsey, 37 N. J. Eq., 356; Landis v. Sea Isle City Hotel Co., 53 N. J. Eq.. 654; Platt, etc. v. Colvin et al., 50 Ohio St., 703; Phillips Code Pl., secs. 456, 458; 1 Ency Pl. and Pr., 104. 105; Pomeroy's Rem. and R. R., secs. 392, 395; Delano v. Case, 121 Ill., 249; Brinkerhoff v. Bostwick, 88 N. Y., 60.

Whether the action is at law or in equity must be determined from the circumstances.

At the common law the form of the action always determined its character; but under the code questions of difficulty present themselves when it is necessary to determine the character of the action. As a general rule, the allegations of the petition determines the character of the action. Whether the action is a legal or an equitable one, is, under the code, wholly a matter of construction of the petition; and as a rule, which admits of exceptions, the prayer for relief is not invoked in aid of this construc

tion. 1 Ency. Pl. and Pr., 146; O'Brien et al. v. Fitzgerald, 143 N. Y., 381. The prayer for relief is no part of the cause of action, but is a requisite of the petition, and may frequently be resorted to in order to determine the character of the action. Reeds' Admr. v. Reed, 25 Ohio St., 422. Where the facts stated in the petition entitle the plaintiff to either of two remedies, he may elect the one or the other by his prayer for relief and thereby determine the character of the action. O'Brien et al. v. Fitzgerald, 143 N. Y., 377, 382; Hun v. Cary et al.. 82 N. Y., 66. Under a prayer for general relief, the court may decree such relief other than that specifically prayed for, as the facts alleged in the petition and proved on the trial may justify. Phillips Code Pl., secs. 219, 221.

The cause of action stated in the petition is an equitable one. A court of equity will assess damages where there is no adequate remedy at law. Sec. 5130, of the Rev. Stats., which provides that a jury may be demanded to try any issue of fact arising in actions for the recovery of money only, does not abrogate the equity jurisdiction of the court of common pleas. That the ultimate relief sought is a recovery of money merely, is not conclusive that the action is one for the recovery of money only. In the case under consideration the necessity for the aid of a court of equity is inherent in the cause of action itself. The assistance of equity is invoked, because without that assistance the rights of the parties could not be ascertained with that fullness and certainty to which they are entitled. Black, Receiver, v. Boyd, 50 Ohio St. 46, 55; Bricker v. Elliott, Admr., 55 Ohio St., 577; Ackerman v. Halsey et al., 37 N. J. Eq., 356; Halsey v. Ackerman, 38 N. J. Eq., 509; Brinkerhoff v. Bostwick et al., 88 N. Y., 58, 59; Brinkerhoff v. Bostwick, 105 N. Y., 567; Pomeroy's Eq., sec. 1421, and notes; Crane v. Ely, 37 N. J. Eq., 564; 1 Ency. Pl. and Pr., 94-96; Crown v. Brainard, 57 Vt., 631; Homer v. Henning, 93 U. S., 228: Horn Silver Mining Co. v. Ryan, supra.

That some of the defendants have been directors longer than others is no ground of demurrer, because the court can discriminate between them and fix their liability according to the circumstances. Ackerman v. Halsey, 37 N. J. Eq., supra.

The demurrers to the petition are overruled.

The plaintiffs having sued for the benefit of themselves and all other creditors and stockholders of the corporation, any creditor or stockholder may come in and be made a party defendant, (Pom. Rem. and R. R., sec. 396), and may file an answer and join in the prayer of the petition. He should set forth the facts that establish his character as creditor or stockholder. But he should not be required to re-state the facts alleged in the petition as a basis or relief. If content with the allegations of the petition in this respect, he may adopt

them without repeating them. Brinker-hoff, Trustee v. Smith et al. (Supreme Court of Ohio, decided May 11, 1897, 39 Law Bull., 259. And he may adopt a part of them, and re-state a part. Phillips Code Pl., sec. 203.

Motions to strike answers from the files overruled.

Kinkead & Merwine ; Voorhees & Voorhees ; Richard M. Voorhees and George K. Nash, for plaintiffs and defendant stockholders and creditors.

Harrison, Olds, Henderson & Harrison ; J. E. Sater ; H. J. Booth and N. W. Dick, for defendant directors.