ALONZO CLARK, Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

The provision of the Code of Civil Procedure (Subd. 3, § 414), exempting from the operation of the chapter (4), limiting the time for the commencement of actions, a case where a person was entitled to commence an action when the Code took effect, and declaring that in such a case " the provisions of law applicable thereto immediately before this act takes effect continue to be so applicable, notwithstanding the *repeal thereof*," does not refer simply to statutory provisions, but within the meaning of said exception a rule or doctrine established by judicial decision is a " provision of law " equally with one enacted by the legislature.

Accordingly *held*, where plaintiff was entitled to, and had commenced his action before the Code went into effect, that the provision of said Code (§ 390), making the statute of limitations of the place of residence of a non-resident defendant available as a defense in certain cases, did not

apply; but that the case was governed by the rule in force when the Code went into effect, *i. e.*, that the statute of limitations of a foreign State constituted no defense to an action brought here.

(Argued November 21, 1883; decided December 11, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 3, 1882, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to recover guaranteed dividends upon certain shares of stock of the Michigan Southern and Northern Indiana Railroad Company, which was consolidated with others in the organization of the defendant, and whose obligations defendant assumed and agreed to pay.

The material facts are stated in the opinion.

*Edward S. Rapallo* for appellant. Section 390 of the Code of Civil Procedure is applicable to a corporation. (*Olcutt* v. *Tioga R. R. Co.*, 20 N. Y. 210.) Where a statute of limitations has once begun to run in favor of a defendant, the fact that the liability devolves upon a successor or representative does not set the statute running anew from the time of such change. (*Reynolds* v. *Collins*, 3 Hill, 36; *Christopher* v. *Garr*, 6 N.Y. 61.) Section 390 was the law applicable to this case. (*Acker* v. *Acker*, 81 N. Y. 143.)

*Lucien Birdseye* for respondent. If defendant intended to rely upon the statutes of Michigan and Illinois, he should have pleaded them by the titles and provisions. (*Nash* v. *Tupper*, 1 Caines, 402.) When this action was brought in August, 1875, no statute of this State authorized the obtaining of the benefit in the courts of this State of a foreign statute of limitations. (*Esselstyn* v. *Weeks*, 2 Kern. 639; Code of 1848, § 90; Code of Proc., § 110; Code of Civil Procedure, subd. 3, § 414.) Aside from the provisions of section 390 of the Code of Civil Procedure the defense of the foreign statute of limitations was wholly unavailable in this State, whether pleaded or not. (*Nash* v. *Tupper*, 1 Caines, 402; *Ruggles* v. *Keeler*, 3 Johns. 263;

*Decouche* v. *Santlier*, 3 Johns. Ch. 190 ; *Hubbell* v. *Cowdry*, 5 Johns. 132; *Bissell* v. *Hall*, 11 id. 168 ; *Lincoln* v. *Battell*, 6 Wend. 475; *Carpenter* v. *Wells*, 21 Barb. 593; *Toulandon* v. *Tachenmeyer*, 6 Abb. Pr. [N. S.] 215 ; *Gans* v. *Frank*, 36 Barb. 320; *Thompson* v. *Tioga R. R. Co.*, 36 id. 79 ; *Power* v. *Hathaway*, 43 id. 214 ; *Hall* v. *Robbins*, 4 Lans. 463 ; *Carpenter* v. *Minturn*, 6 id. 56 ; *Olcutt* v. *Tioga R. R. Co.*, 25 N. Y. 210, 224; *Rathbone* v. *N. C. R. R. Co.*, 50 id. 656 ; *Miller* v. *Brenham*, 68 id. 83 ; *Boardman* v. *L. S. & M. S. R'y Co.*, 84 id. 157, 184–5.)

FINCH, J.    It is conceded that all the questions in this case have been disposed of by previous decisions, (*Boardman* v. *Lake Shore & M. S. R'y Co.*, 84 N. Y. 157; *Prouty* v. *Lake Shore & M. S. R. R. Co.*, 85 id. 272), except the defense of the statute of limitations.    The defendant company, which is a corporation in this State, and is sued here by a non-resident plaintiff, and which is the successor of the original debtor, whose corporate origin was under the laws of Michigan and Illinois, proved upon the trial the statutes of limitation of those States, and claimed that they constituted a bar to the recovery.    That contention rests upon the construction and effect of section 390 of the Code of Civil Procedure, read in connection with section 414; for it is agreed on both sides that, before September, 1877, when the Code took effect, the statute of limitations of a foreign State constituted no defense to an action brought here. (*Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210 ; *Miller* v. *Brenham*, 68 id. 83.)    Section 390 has changed that rule to some extent, and the argument at once comes to the point, whether, under section 414, that change operates upon the cause of action in the case before us.    The suit was brought in 1875, or about two years before the new Code took effect.    Section 414 begins with a broad enactment that the provisions of chapter 4 " apply, and constitute the only rules of limitation applicable to a civil action, or special proceeding, except in the following cases."    Then four exceptions are specified, the third of which only is ma-

terial to our inquiry, and is in substance, " a case * * * in which a person is entitled, when this act takes effect, to commence an action * * * where he commences * * * the same before the expiration of two years after this act takes effect; " in which case " the *provisions of law* applicable thereto, immediately before this act takes effect, continue to be so applicable, notwithstanding the *repeal thereof*." The learned counsel for the appellant does not deny that the plaintiff comes within the description of a person entitled, when the Code took effect, to bring this action, although at that date it was already brought; but the result sought is deduced from the last clause of section 414 as giving character and construction to the language which precedes it. It is said that a " repeal " indicates a statute annulled, and not a judicial decision abrogated and reversed; and so the previously existing " provisions of law," spoken of as remaining applicable, must be those and those only which are embodied in former statutes of limitation repealed by the Code. It is doubtless true, that to speak of the " repeal " of a judicial doctrine is an awkward and unusual form of expression, and due probably to the fact that the framer of the section had mainly in his mind the repealed statutes of limitation; and yet the entire scope of the exception seems to us clearly intended to make applicable in the given case the previous " provisions of law " precisely as they stood before the Code, whether formulated in statutes, or resting in judicial decisions, and notwithstanding their repeal or abrogation by the new and substituted law. The purpose appears to have been to leave the plaintiff in the excepted case, precisely with the same rights and remedies he would have had if the Code of 1877 had never been enacted. The phrase " provisions of law " is a broad and general one. It cannot justly be confined to statutes, or legislative enactments. A rule or doctrine established by judicial decision is a " provision of law " equally with one enacted by the legislature. As such it is retained, and made operative in the excepted case. The use of the word " repealed " cannot narrow the phrase, " provisions of law " to such only as are statutory, in the face of an evi-

dent legislative intent to leave the parties in the excepted cases exactly in the same situation as if the Code of 1877 had never been enacted.   This conclusion leads to an affirmance of the judgment, without considering the other answers to the statute of limitations presented on the argument.

The order should be affirmed and judgment absolute rendered against defendant, with costs.

All concur.

Order affirmed.