THEODORE BRINCKERHOFF et al., Appellants, *v.* HENRY BOSTWICK et al., Respondents.

An action brought by a stockholder of a bank on behalf of himself and other stockholders against its directors, to call them to account for losses and damages sustained by the bank because of misconduct and negligence on their part in the discharge of their duties, is an equitable action, wherein the defendants are not entitled, as matter of right, to a trial of the whole issues by jury.

*It seems* it is proper in such an action to frame issues to be tried by a jury.

*Hun* v. *Cary* (82 N. Y. 65); *Bradley* v. *Aldrich* (40 id. 504); *Davison* v. *Associates etc.* (71 id. 333), distinguished.

*Brinckerhoff* v. *Bostwick* (43 Hun, 458), reversed.

(Argued May 3, 1887; decided May 13, 1887.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 15, 1887, which reversed an order made at Circuit, striking the case from the Circuit calendar and directing it to be tried as an equity action by the court without a jury, with leave, however, to the defendants to apply to the court for an order framing issues to be tried by jury. (Reported below, 43 Hun, 458.)

This action was brought by Brinckerhoff, the original plaintiff, in his own behalf as stockholder of the Fishkill National Bank, and on behalf of the other stockholders, against the defendants, the directors of said bank, to call them to account for the manner in which they had discharged

their duties. The complaint alleged in substance that defendants, by their misconduct, carelessness and negligence had permitted the property of the bank to be stolen and wasted, and the bank had thereby been rendered utterly insolvent. The relief demanded was that the damages sustained by the bank and its stockholders may be ascertained and determined and defendants adjudged to pay the same.

Previous to this appeal the case has been twice before this court. (See 88 N. Y. 52; 99 id. 185.)

Further facts are stated in the opinion.

*O. D. M. Baker* for appellants. The legal relation between the directors and stockholders of the bank is that of trustees and beneficiaries. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 129; Angel & Ames on Corp., §§ 312, 314; *Robinson* v. *Smith*, 3 Paige, 222; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 571; *Butts* v. *Wood*, 37 N. Y. 318; *Heath* v. *Erie R. Co.*, 8 Blatch. 347; Perry on Trusts, § 207; *Jackson* v. *Ludding*, 21 Wall. 616; *Casserly* v. *Manners*, 9 Hun, 695; *Hun* v. *Cary*, 82 N. Y. 695; 2 Morawitz on Corp., § 237; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; 99 id. 185; 1 Potter on Corp., § 324.) Plaintiffs are entitled to an interlocutory judgment for an accounting by the directors. (2 Greenl. Ev. § 36; *Marvin* v. *Brooks*, 94 N. Y. 71.) No constitutional or other right to a trial by jury exists in this case. (Perry on Trusts, § 17; *Edwards* v. *Graves*, Hob. 265; *Holland's Case*, Styl. 41; *Miller's Case*, Fram. [L. R.] 284; *Farrington* v. *Knightly*, 1 P. Wms. 544; *Witter* v. *Witter*, 3 id. 102; *Charitable Corp.* v. *Sutton*, 2 Atk. 400; *Sturt* v. *Mellish*, id. 612; *Megod's Case*, Grodb. 64; *Jevon* v. *Bush*, 1. Vern. 344; *Smith* v. *Jameson*, 5 T. R. 603; *Barnardiston* v. *Soame*, 9 St. Trials, 443; *Pettit* v. *Smith*, 1 P. Wms. 7; *Edwards* v. *Freeman*, 2 id. 441; 8 N. Y. Colonial MS. 444; *Brumley* v. *Westchester Man. Soc.* 1 Johns. Ch., 366; *Att'y-Gen'l* v. *Utica I. Co.*, 2 id. 37; *Ogden* v. *Kip*, 6 id. 160; *Cunningham* v. *Pell*, 5 Paige, 607; *In re Empire City B'k*, 18 N. Y. 199–210; *Sands* v. *Kimbark*, 29 Barb. 108–120; 27 N. Y. 147;

*Sheppard* v. *Steele*, 43 id. 53–57; *Van Marter* v. *Hotchkiss*, 4 Abb. Dec. 485; *Farwell* v. *Imp.*, etc., *N. B'k*, 90 N. Y. 491; 2 Edm. Statutes, 400, §§ 49–53; *Kelly* v. *Kelly*, 3 Barb. 419; Van Schaack's Laws, 517; Laws of 1813, chap. 56, § 11; 2 Edm. Statutes, 398, § 36.) The action was equitable in its inception and the plaintiffs could not properly have brought it in any other form. (1 Story's Eq. Jur., 465, § 453, *Dias* v. *Brunell*, 24 Wend. 13; 2 Van Sant. Eq. Pr., 163, 164; *Fowle* v. *Lowrason*, 5 Pet. 503; *Heath* v. *R. R. Co.*, *ante;* *Hodges* v. *New England Screw Co.*, 1 R. I. 312; *Marsh* v. *East. R. R. Co.*, 40 N. H. 548; *Ackerman* v. *Halsey*, 37 N. J. [Eq.] 356, 501; *Smith* v. *Hurd*, 12 Metc. 371; *Allen* v. *Curtis*, 27 Conn. 456.) A jury trial is not proper in this action, as the trial will involve the examination of a complicated condition of affairs. (*B. & R. B. R. R. Co.* v. *Rerd*, 21 Hun, 273; *Harrington* v. *Bruce*, 84 N. Y. 103; 1 Wait's Pr. 30, § 4; *Knickerbocker* v. *Nelson*, 8 Hun, 23; *Carroll* v. *Demel*, 95 N. Y. 252; *Hammond* v. *Morgan*, 101 id. 179.) That the cause came on for trial before a jury has no effect upon the questions now presented. (*Brown* v. *Bradshaw*, 1 Duer, 635; *Watson* v. *Manhat. R. R. Co.*, 21 J. & S. 137.)

*Milton A. Fowler* for respondents. This is clearly an action for *tort.* (Code, § 549, subd. 2.) It is not in the strict sense an equitable action, although it is one which must be brought in this case in a court of equity. ( *Western R. R. Co.* v. *Nolan*, 48 N. Y. 513, 518, 519; 88 id. 52, 57–59; 99 id. 185.) In an action for damages for tort like the present, the defendants have a constitutional right to trial by jury. (Const., art. 1, § 2; *McMasters* v. *Booth*, 4 How. 427, 429; *Townsend* v. *Hendricks*, 40 id. 143–162.) The Court of Chancery never had the right to try an action for damages on the ground of fraud without a jury. (*Bradley* v. *Aldrich*, 40 N. Y. 504, 510, 511; *Barlow* v. *Scott*, 24 id. 40–46; *Ham* v. *Cary*, 82 id. 65; *McMasters* v. *Booth*, 4 How. 427; 19 Wend. 108; 3 Denio, 380.) This action was

triable by a jury. (*Hun* v. *Cary*, 82 N. Y. 65–79; *Hammond* v. *Morgan*, 101 id. 179.) Where the gravamen of the action is damages for negligence or malfeasance, and the distribution of the damages resulting from the wrongful acts is only an incident, trial by jury cannot be denied. (*Bradley* v. *Aldrich*, 40 N. Y. 504–510; 47 id. 495–500; *Hun* v. *Cary*, 82 id. 65–79; *Wheelock* v. *Lee*, 74 id. 495, 500; *Davison* v. *Associates of Jersey Co*, 71 id. 333.) The recovery, if any, must be upon the common law liability of directors, and this common law liability carries with it the right to trial by jury. (*Hun* v. *Cary*, 82 N. Y. 65, 79.) There is no legal privity, relation or immediate connection between the holders of shares in a bank in their individual capacity on the one side and the directors on the other. (*Smith* v. *Hurd*, 12 Metc. 371.)

PECKHAM, J. This action has already been held by this court to be an equitable one. It is brought by plaintiff in his own behalf, as stockholder of the bank, and in behalf of all others similarly situated, against defendants, who were directors of the bank, to call them to account as trustees for the manner in which they have discharged their trust. Of such actions courts of equity have always had jurisdiction. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185.) Nothing in the opinion in this case, when last here, and reported, *supra*, gives color to the idea that the case was regarded otherwise than as an equitable one. The judge, it is true, in delivering the opinion, said that defendants' liability was not created by statute but was a common law liability springing out of defendants' relation to the bank and the manner in which they discharged their obligations and duties as directors thereof. The expression " common law liability " was obviously used in contradistinction to that of a liability imposed by statute, and had no reference whatever to a liability enforceable at common law in distinction from one cognizable in equity. Since the first decision of this case, by this court (88 N. Y. 52), other stockholders, upon their petition, have been added as plaintiffs, and

the judgment demanded against the defendants is that they may be adjudged to pay the damages sustained by the plaintiffs, and that the receiver may recover, collect and receive the same for the benefit of the creditors and stockholders of the bank, or else that plaintiffs may recover, etc.

Under the allegations of the complaint and upon the very numerous bases of liability respecting the several defendants, it is hard to see exactly what kind of a verdict could be directed as to form, in case the action were to be regarded as a common law one, and the jury were to give a verdict for the plaintiff, which should cover the whole case and upon which judgment should be entered. The verdict might be for different sums against different defendants, and founded upon distinct liabilities growing out of different acts as to each, and yet the foundation of the verdict in regard to the facts found against each defendant would be problematical in the extreme.

The sums for which defendants might be liable may not only be different but the total liability of all might exceed the total damage proved, and thus there would be a verdict for different sums against the different defendants, and an excess of total liability over the damage proved, and provision would have to be made for such a state of facts in the judgment to be entered, which ought to be based upon a special application, on notice, to the court, and upon its directions then given. All this shows how entirely impracticable would be a reference to a jury of the whole issue as in a common law action, with a general verdict and a judgment to be entered thereon without any further application to the court.

In *Hun* v. *Cary* (82 N. Y., 65) there was but one negligent or improper act alleged, that being the purchase of the lot and erection of the building on it under the circumstances proved. The damage was plain; it was of the same amount against all who were liable at all, and a general verdict in damages could properly be given which could be entered without any further application to the court, and would be final in regard to the rights of all parties. The court said under such circumstances it was not error to try the issue

there involved by a jury, and that there were no equitable rights to be adjusted and no occasion to appeal to an equitable forum.    The difference between the cases is wide and material.

The cases cited by defendants' counsel as to the right of trial by jury in cases of fraud, etc., do not apply here.

The case of *Bradley* v. *Aldrich* (40 N. Y., 504) merely holds that an allegation of grounds in plaintiff's complaint for equitable relief and nothing else, where proof of such grounds fails, does not permit the court to try an action for fraud without a jury.    The former practice of the Court of Chancery was to dismiss the bill when all ground for equitable interposition failed, even though a cause of action at law appeared to arise out of the transaction.    When a party alleges a cause of action of an equitable nature he must prove one, so far as the question of a trial by jury is concerned, and he cannot escape such tribunal by alleging an equitable cause of action and, while wholly failing to prove it, obtain a trial by the court of a common law action arising out of the transaction.    To show that there is an issue of fraud in a case does not necessarily make the case one for a jury, or give a defendant a legal right to such a trial as if it were a common law action.

An action with an issue of fraud in it could and can now certainly be tried by the court (unless issues were properly framed for trial by jury), even against the desire of defendants, as in an action to set aside a deed or assignment or other instrument on the ground of fraud.    This action is an equitable one and the issues to be tried by a jury are to be reviewed by the court in the same manner as in equitable actions, and the plaintiff does not fail to show the equitable nature of this action by proving the allegations of his complaint, even though the ground of the liability of the trustees whom he is seeking to call to account is their negligence and fraud.    A cour of equity still has jurisdiction of such an action.

The case of *Davison* v. *Associates of Jersey Co.* (71 N. Y. 333, 340), is of the same general nature as *Bradley* v. *Aldrich* (*supra*).

The action was brought to enforce the specific performance.

of a contract for the sale of land and had been once tried. On the second trial the *plaintiff* demanded a jury trial on the ground that it appeared on the former trial that defendants had conveyed the lots before the commencement of the action, and that the evidence would now show a cause of action at common law for damages only. The court denied the motion and the denial was upheld in this court on the ground that the plaintiff, by bringing his action for a specific performance of the contract to convey, had elected his forum and waived his right to a jury trial, but that the rule was different in the case of a defendant, who could not be deprived of a jury trial in a proper case, because plaintiff demanded equitable instead of legal relief. In other words, if *defendant* had asked for a trial by jury of the issue as to damages (the equitable relief of a specific performance having passed away by the conveyance of the land by the defendants to other parties), such request would have been granted, and it would have been no answer to such application to show that the action was originally for equitable relief. This case is nothing of the sort

But without doubt there are issues which ought to be tried by jury, and the order of the Special Term very wisely provided for framing issues for such a trial.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs in both courts.

All concur.

Ordered accordingly.