### O'BRIEN et al. v. OTTENBERG et al.

(Supreme Court, Special Term, New York County. April, 1894.)

1. FORM OF ACTION—HOW DETERMINED—PRAYER FOR RELIEF.

    The prayer for relief is not conclusive as to whether the action is legal or equitable, but that question is to be determined by all the allegations of the complaint, and the relief to which, on such allegations, plaintiff would be entitled.

2. PLEADING—MOTION TO MAKE DEFINITE AND CERTAIN.

    In an action against the directors of a corporation for negligence and misfeasance, the complaint is sufficiently definite and certain where it states what were the duties of such directors, and then enumerates the respects in which they neglected and illy performed such duties, though the character of the action as one in equity is obscured by the fact that the complaint demands a money judgment.

Action by Miles M. O'Brien and James G. Cannon, as receivers of the Madison Square Bank, against Simon Ottenberg and others. Defendants move that the complaint be made more definite and certain. Denied.

Guggenheimer & Unteringer, for plaintiffs.

Jeroloman & Arrowsmith, for defendants.

O'BRIEN, J. These motions, which may be considered together, are made under section 546 of the Code of Civil Procedure, which provides that, "where one or more denials or allegations contained in a pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment." Section 481 of the Code requires a plain and concise statement of facts constituting each cause of action, without unnecessary repetition. The complaint here comprises 26 folios, and the mere enumeration of the particulars demanded, in which the complaint should be made more definite and certain, covers 19 folios; and, at first blush, it would seem that the granting of the motion, notwithstanding the rule as to conciseness, would require, in this case, a most elaborate and long drawn out pleading. The error into which I think the defendants have fallen in their argument in support of the motion is in failing to clearly apprehend the scope and theory of the action. It is evident that the complaint is modeled after the two cases of Brinckerhoff v. Bostwick, 88 N. Y. 52, Id., 105 N. Y. 567, 12 N. E. 58, and Briggs v. Spaulding, 141 U. S. 143, 11 Sup. Ct. 924. It may be that this error is due, in large part, to the fact that the pleader has not, in all respects, followed the form of the complaints in those actions; notably, in respect to the prayer for relief. And, growing out of the circumstances of the complaint stating the damages at $750,000, and demanding in form a money judgment for that amount, the impression seems to have been created that this was an action at law, instead of a suit in equity. In this respect the prayer of the complaint differs from the prayers in the two cases cited, as can be seen by reference thereto; in the Brinckerhoff Case the plaintiff demanding judgment that the damages

sustained should be ascertained and determined, while in the Briggs Case the prayer was specifically for relief. The theory of both of those actions, however, was the same,—both being suits in equity for an accounting against the defendants, as directors, for breach of their common-law duties as trustees of a financial corporation,— and they were both held to be actions in equity, and not at law. Thus, in the Brinckerhoff Case (88 N. Y. 58), Judge Rapallo says, "The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and, in proper cases, to its shareholders, for such wrongs, exist independently of any statute;" and cites with approval the rule of liability laid down by Chancellor Walworth in Robinson v. Smith, 3 Paige, 222, that "the directors of a corporation, who willfully abuse their trust, or misapply the funds of the company, by which a loss is sustained, are personally liable, as trustees, to make good that loss; and they are also liable if they suffer the corporate funds to be lost or wasted by gross negligence and inattention to the duties of their trust." In the same case (Brinckerhoff v. Bostwick, 105 N. Y. 567, 12 N. E. 58), Judge Peckham (page 570, 105 N. Y., and page 58, 12 N. E.), referring to this former opinion, says, "This action has already been held by this court to be an equitable one." So, in Briggs v. Spaulding, supra, it was said that "the bill was framed upon the theory of a breach by defendants, as directors, of their common-law duties as trustees of a financial corporation, and of breaches of special restrictions and obligations of the national banking act." And it will be seen that in that case, where a number of directors were joined, it proceeded as a suit in equity to compel the directors, respectively, to account for their part in having, through negligence or misfeasance, permitted a waste or loss of the assets of the bank. The fact that in this case the prayer for relief is similar to that in an action at law, and demands a money judgment, is not conclusive upon the form of action, it having been many times held that the court is not bound or controlled by the prayer for relief; but the question whether the action is legal or equitable is to be determined by the allegations of the complaint, and the relief to which, upon such allegations, the plaintiff would be entitled. Valentine v. Richardt, 126 N. Y. 277, 27 N. E. 255. So, here, there is not the slightest doubt that the complaint alleges a cause of action against the defendants as directors of the Madison Square Bank, out of which it is claimed the right accrues to recover damages from them on the ground of their misfeasance in office, in that by their negligence the property of the bank became dissipated and lost. It is, in substance, therefore, an action in equity to compel the defendants to severally account for such loss to such an extent and amount as each, individually, may have suffered or permitted the same.

The argument based upon the ground that these directors performed their duties over widely different periods requires no discussion, in view of the able manner in which that is disposed of,

not only in the Brinckerhoff and Briggs Cases, but also in the New Jersey case of Ackerman v. Halsey, 37 N. J. Eq. 365.

Another error into which counsel seems to have fallen is in assuming that this complaint states several causes of action; and this, as shown by one of the briefs, seems to have arisen from giving too narrow a construction to the language used by Judge Rapallo in his opinion in the Brinckerhoff Case, wherein he says, "The causes of action set forth in the complaint are losses and misapplication of the funds of the bank through the negligence and misconduct of its directors." 88 N. Y. 56. An examination of the complaint in the action itself, however (which is to be found in volume 25 [1887] of the Court of Appeals, at the Bar Association), shows that there was but one cause of action against all the directors, for an accounting. So, here, the action is for the negligence and misfeasance of the directors, resulting in loss and damage. Having, therefore, in mind the character of the action, we can more intelligently proceed to determine whether the complaint is wanting in definiteness and certainty. The claim that the complaint is not sufficiently definite and certain in stating in what such negligence or misfeasance consisted seems to me without force, because, with great elaboration, the complaint states what were the duties of such directors or trustees, and then proceeds to enumerate the respects in which they neglected, and illy performed, such duties. That it is only where the precise nature of the charge is not apparent that an application is proper to make the complaint more definite and certain, has many times been held. Difficulty sometimes arises in the application of this rule, and this is well illustrated by the case of Reubens v. Steamship Co. (Sup.) 2 N. Y. Supp. 30, which has been referred to as controlling authority by the defendants. In that case the complaint in an action against a common carrier of goods, for negligence, alleged that "the defendant so negligently and carelessly misbehaved itself in transporting said fur that the same was damaged," etc. It was held that this was not sufficiently definite because it did not show the character of the negligence,—whether it was by improper stowage or careless handling or negligent exposure, or by any of the numerous acts, omissions, and circumstances by which negligence would be made apparent. It was accordingly held in that case that the complaint was not sufficiently definite or certain. The distinction between that case and this consists in the fact that, while there negligence was generally averred, here, while in one part of the complaint the charges are stated in general terms, the complaint continues with a more specific statement of facts, which definitely states the various charges made, and the respects in which the defendants were negligent, and wanting in their duty as directors. Thus, there is no uncertainty as to the specific charges made against them, the complaint stating, among other things, that they did not keep, or cause to be kept, correct books of account, but permitted them to be falsified by false and deceptive entries; that they suffered and permitted various persons, firms, or corporations, who were insolvent and

irresponsible, to overdraw their accounts; that they negligently suffered the moneys of the bank to be loaned to irresponsible firms; that they did not employ honest and competent persons as officers of said bank; that they neglected to require and keep good the security for the faithful performance of the duties of the president and officers and employes of the bank; that they neglected and failed to make personal examination of the conduct and management of the affairs of the bank, and into the character of the securities held by it as collateral, and of the propriety of the investments made by the bank; that they neglected and failed to take sufficient security for the loans made by the bank, taking as collateral security stocks and bonds of insufficient value, and in many cases taking no security whatever; that they negligently and carelessly permitted the officers and directors to largely borrow the funds of the bank for themselves, or for members of their families, and to loan to relatives and friends large sums without security, or upon insufficient collaterals; and various other specific charges, which it is unnecessary to enumerate. If, to make the complaint definite, in addition to these the pleader is bound to insert the numerous particulars demanded, it would require, not only a setting forth in the complaint all the particulars as to time, place, and circumstance, but as to some of the charges a setting forth of the evidence. My conclusion, therefore, is that, though it would have been better if the prayer had been so framed as not to obscure the character of the action, or leave it in the slightest degree indefinite, still it is not open to the criticism of being so indefinite and uncertain that the defendants are not apprised of the charges made against them, and that in making the motion they have lost sight of the distinction between the relief which is to be secured by a motion to make definite and certain, and through a bill of particulars. Motion denied, with $10 costs.