## 546                    MASON *v.* HENRY.

Thomas F. Mason, as Receiver of The Widows and Orphans' Benefit Life Insurance Company, Respondent, *v.* Lydia Delphine Henry and Another, Executors, etc., of John F. Henry, Deceased, Appellants.

*Receiver of an insolvent corporation — his legal and his equitable remedy against its directors who have wasted its assets — by what Statute of Limitations barred.*

A receiver of an insolvent corporation may maintain a legal action against the directors or trustees of the corporation to recover damages resulting from their wasting its assets.

*It seems,* that a shareholder of an insolvent corporation has not concurrent remedies at law and in equity against the directors of the corporation for mismanaging their trust; that his remedy must be sought in a court of equity, and that the ten years' Statute of Limitation applies.

An action brought by the receiver of an insolvent corporation against one of its trustees for the recovery of damages for alleged misconduct in office (unless it is found by the court that the defendant's misconduct was not discovered until within six years before the commencement of the action) falls within the six years' Statute of Limitations, and where the cause of action accrued inNovember, 1871, and the action was commenced in April, 1879, the action is barred.

Such action is not excepted from the Statute of Limitations by section 2 of title 4 of chapter 18 of part 1 of the Revised Statutes.

Appeal by the defendants, Lydia Delphine Henry and another, executors, etc., of John F. Henry, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of April, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

This action was begun in April, 1879, against John F. Henry and others, trustees of the Widows and Orphans' Benefit Life Insurance Company, to recover the value of assets belonging to the corporation and alleged to have been wasted by the trustees. This company was incorporated in 1864, and the Mutual Protection Assurance Society was incorporated in 1868, both pursuant to chapter 463, Laws of 1853, an act entitled "An act to provide for the incorporation of life and health insurance companies, and in relation to agencies of such companies."

The first-mentioned corporation had a capital of $200,000, divided

into shares of $100 each, and the last-mentioned corporation had a capital of $100,000, divided into shares of $25 each.

October 19, 1871, defendants' testator became a trustee of the Widows and Orphans' Benefit Life Insurance Company, being at that time one of the trustees of the Mutual Protection Assurance Society. November 10, 1871, the last-mentioned corporation was insolvent, and between that date and June 18, 1872, pursuant to a plan of the trustees of the two corporations, the assets of the Widows and Orphans' Benefit Life Insurance Company, of the value of $1,487,714, were transferred to the Mutual Protection Assurance Society.

February 13, 1872, the name of the Mutual Protection Life Assurance Society was changed, by chapter 36 of the laws of that year, to the " Reserve Mutual Life Insurance Company."

On the 18th of June, 1872, the Widows and Orphans' Benefit Life Insurance Company ceased to do business. March 8, 1877, the Widows and Orphans' Benefit Life Insurance Company having become insolvent, Henry R. Pierson was duly appointed its receiver, and he having died January 1, 1890, Thomas F. Mason was, February 28, 1890, duly appointed receiver of said corporation and also of the Reserve Mutual Life Insurance Company, which was also insolvent.

May 25, 1893, John F. Henry died, leaving a last will and testament, which was probated, and letters testamentary were issued thereon to the defendants.

July 6, 1893, an order was entered permitting the plaintiff to sever the action and to revive and continue it against the executors of John F. Henry, after which a supplemental summons and pleadings were served. Upon the trial the sum of $189,123.04, with interest from March 8, 1877, was found to be due to the policyholders and creditors of the Widows and Orphans' Benefit Life Insurance Company. The court also made the following findings:

" *Thirty-second.* Subsequent to October 19, 1871, the said defendants' intestate and his associates, being and acting as trustees of the Widows and Orphans' Benefit Life Insurance Company, wasted, diverted and misapplied, and suffered to be wasted, diverted and misapplied, the moneys, assets, property and effects of said Widows and Orphans' Benefit Life Insurance Company, to the

damage and injury of the policyholders and creditors of that com
pany, in the sum of upwards of $275,000."

" *Thirty-sixth.* The misappropriation of funds and the acts which
constitute the cause of action herein occurred in November, 1871."

" *Thirty-seventh.* This action was instituted in April, 1879."

" *Thirty-ninth.* The cause of action herein existed to same extent
that it existed at beginning of this action against said Henry in
1878, and at all times previous thereto and after 1873."

A judgment was ordered for the amount due the policyholders
and creditors of the Widows and Orphans' Benefit Life Insurance
Company, with interest from March 8, 1877. From this judgment
the defendants appeal.

*Thorndike Saunders,* for the appellants.

*William C. Trull* and *Raphael J. Moses.* for the respondent.

FOLLETT, J. :

The defendants insist that the plaintiff had concurrent remedies
at law and in equity, the legal remedy being as effectual as the one
in equity ; and, therefore, the cause of action was barred six years
after it accrued. If the premise of this proposition is sound, the
conclusion follows (*Butler* v. *Johnson,* 111 N. Y. 204), unless the
case is within some statutory exception. This action was begun in
April, 1879, the precise date not appearing. The court found that
the assets were misappropriated and the acts constituting the cause
of action performed in November, 1871. Chapter 4 of the Code
of Civil Procedure, entitled " Limitation of the time of enforcing
a civil remedy;" did not take effect until September 1, 1877 (Code
Civ. Proc. § 3356), and by subdivision 3 of section 414 of that
Code the Statute of Limitations therein prescribed is not applicable
to causes of action existing September 1, 1877, upon which suits
were begun before September 1, 1879. As before stated, this cause
of action accrued before September 1, 1877, and this action was
begun before September 1, 1879, and so the limitations prescribed
by the old Code are applicable to this action. ( *Viets* v. *The Union
National Bank,* 101 N. Y. 563 ; *Clark* v. *Lake Shore & Michigan
Southern Ry. Co.,* 94 id. 217 ; *Goillotel* v. *Mayor of New York,*
87 id. 441.) Sections 91 and 97 of the old Code provided :

" § 91. Within six years :

" 1. An action upon a contract, obligation or liability, express or implied, excepting those mentioned in section 90　＊　＊　＊

" 6. An action for relief on the ground of fraud in cases which heretofore were solely cognizable by the Court of Chancery, the cause of action in such case not to be deemed to have accrued until the discovery of the aggrieved party of the facts constituting the fraud."

" § 97. An action for relief, not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued."

By the fifth subdivision of section 382 of the Code of Civil Procedure the provisions of subdivision 6 of section 91 of the old Code are changed. Under the present Code the judgment sought must be " other than for a sum of money," which provision was not in the old Code.

It must be borne in mind that this is not an action by a shareholder, or by a creditor of the insolvent corporation, but is an action brought by its receiver.

*Hun* v. *Cary* (59 How. 426 ; affd., 82 N. Y. 65) was an action at law, brought by a receiver of an insolvent savings bank against its trustees, to recover damages for wasting its assets, in which it was distinctly held by the Court of Appeals that an action at law could be maintained by a receiver ; or, in other words, that he had a legal remedy.

*O'Brien* v. *Fitzgerald* (61 N. Y. St. Repr. 472 ; rev., 143 N. Y. 377) was an action at law, brought by a receiver of an insolvent State bank against its directors, to recover damages for wasting its assets, and it was again held that an action at law could be maintained. In discussing the question it was said : " In support of that idea the case of *Brinckerhoff* v. *Bostwick* (105 N. Y. 567) is pressed upon our attention as indicating that the present action must be regarded as of an equitable character. But there is a wide and vital difference between the two cases. In this the action is by the corporation against its delinquent directors ; in the other it was by a stockholder, who could not sue at law, but was compelled to go into equity to obtain his relief, and whose right of action was wholly and purely of an equitable character.

" It may be, nevertheless, that a corporation may sue its directors in equity to recover losses sustained, for there seem to be some cases

in which the remedy has been allowed. Granting that, and grant-
ing also what I am not now ready to admit as the law of this State,
that the facts pleaded in the present case are sufficient to support
the action as an equitable one, we are left by the pleader in a doubt,
which can only be solved by recurring to the demand for relief."

This is the last expression of the Court of Appeals on this ques-
tion, and it holds that a receiver may maintain a legal action against
the directors or trustees of an insolvent corporation for wasting its
assets. The case at bar was decided at Special Term upon the sup-
posed authority of *Brinckerhoff* v. *Bostwick* (88 N. Y. 52; 99 id.
185; 105 id. 567). That was an action in equity, brought by a
shareholder of an insolvent National bank (which was in the hands
of a receiver appointed by the Comptroller of the Currency), in
behalf of himself and the other shareholders, against the directors, to
compel them to account for damages sustained by the bank because
of their misconduct. The receiver and the corporation were joined
with the directors as defendants. On the three occasions when this
case was before the Court of Appeals it was held that a shareholder
could maintain an action in equity. On the second review of this
case by the Court of Appeals it was said :

" What limitation of time then was applicable to this action ? We
think the limitation is regulated by chapter 4 of the Code of Civil
Procedure. Section 414 provides that the provisions of that chapter
shall apply and constitute the only rule of limitation applicable to a
civil action or special proceeding, except as mentioned in that sec-
tion, and this action does not come within any of the exceptions. It
does not come within subdivision 3 of that section, because it was
not commenced within two years after the Code took effect.

" We think the limitation applicable to this action is ten years,
that which is prescribed by section 388 of the Code. This is unques-
tionably an equitable action, and the plaintiffs stand in the place of
the receiver, and if he had prosecuted the action he would have
stood in the place of the bank, and had the same rights which it
would have had if plaintiff. So this action, for the purpose of
determining the limitation of time applicable to it, must be governed
by the same law which would have been applicable if the action had
been brought by the bank. The action is against the directors as trus-
tees to call them to account for the manner in which they discharged

their trust, and is one of which courts of equity always have jurisdiction. (Angell & Ames on Corp. §§. 312, 314 ; *Robinson* v. *Smith,* 3 Paige, 222 ; *Heath* v. *Erie R. Co.,* 8 Blatchf. C. C. 347 ; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52.) In the latter case RAPALLO, J., said : ' The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and in proper cases to its shareholders, for such wrongs exist independently of any statute.' There is no doubt, therefore, that as to the original plaintiff in this action the proof of violations of duty and breaches of trust by the defendants could range through ten years prior to the commencement of the action."

This in effect seems to hold that a shareholder has not concurrent remedies at law and in equity against the directors of a corporation for mismanaging their trust, but that his remedy must be sought in a court of equity. The holding that the ten years' Statute of Limitations was applicable, was, in effect, a holding that there is no legal remedy. (*Butler* v. *Johnson, supra.*)

In *O'Brien* v. *Fitzgerald* (*supra*) *Brinckerhoff* v. *Bostwick* is discussed, and it is there said that a shareholder cannot sue at law, but must seek his remedy in equity.

In *Brinckerhoff* v. *Bostwick* (99 N. Y. 185) the judgment reported in 34 Hun, 352, was reversed, and a new trial granted. Afterwards the case was noticed by the defendant for trial at a Circuit, and placed on the calendar, whereupon the plaintiff moved at Special Term that it be stricken from the calendar and tried as a suit in equity, which motion was granted. On an appeal from this order it was reversed at General Term (43 Hun, 458), but on an appeal to the Court of Appeals the order of the General Term was reversed, the court reiterating its former decisions that the action was an equitable one. (105 N. Y. 567.) This case is not in point, and does not sustain the judgment of the Special Term.

It is not alleged in the complaint that it is necessary to set aside conveyances for the purpose of reaching assets, and, indeed, the action is not for the purpose of reaching specific assets wrongfully disposed of by the defendants' testator, but for the recovery of damages, nor is it found by the court that the defendants' testator's misconduct was not discovered until within six years before the com-

mencement of the action. We see no reason why the plaintiff's legal remedy was not as effectual as the one in equity, and so, whether the case be regarded as a suit in equity or as an action at law, it falls within the six years' statute, and is barred unless saved by some statute. *Pierson* v. *Morgan* (20 Abb. N. C. 428) and *Pierson* v. *Cronk* (26 id. 25 ; S. C., 13 N. Y. Supp. 845) are overruled.

It is insisted that this action is excepted from the Statute of Limitations by section 2 of title 4 of chapter 18 of part 1 of the Revised Statutes, which provides : " And no Statute of Limitations shall be a bar to any suit at law or in equity, against such directors, for any sums for which they are made liable by this section." Assuming that chapter 18 is applicable to these insurance corporations, this action was not brought to recover sums for which directors are made liable by section 2. The cause of action is set out in the complaint as follows :

" XVI. The plaintiff further shows that, subsequent to said election of said 19th of October, 1871, the said Henry and his associates suffered and permitted the assets, property and effects of the said ' Widows and Orphans ' to be wasted and misapplied, and the policyholders to be plundered, cheated and defrauded.

" That the said assets were so wasted and the said policyholders were so plundered, and that the sum of $63,000 and upwards was paid to the said Sanford, Morgan, Freeman and others, out of said assets, for their services in wrecking and ruining said ' Widows and Orphans.'

" That since the said 10th day of November, 1871, a large number of the policies of said ' Widows and Orphans ' have been canceled, lapsed and surrendered and twisted, upon which large profits were realized, and which profits the said Henry and his associates have suffered and permitted to be diverted from the said ' Widows and Orphans ' and applied to the benefit of the policyholders, stockholders and trustees and officers of said Mutual Protection and others."

The judgment must be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.