### GRAY v. FULLER et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

A complaint by a stockholder against the corporation, its directors, certain judgment creditors, and the trustee in a mortgage executed by it, alleged that one of the defendants owned all the stock except that owned by plaintiff; that the directors permitted the recovery of judgments against the corporation, and the sale of the mortgage bonds to satisfy the judgments; that the individual defendants were interested in another corporation, engaged in a similar business, and transferred to it property of defendant company, without compensation; that they shut down defendant company for the purpose of increasing the business of the other corporation; that they caused a mortgage on the property of defendant company to be executed without consent of the stockholders in fraud of their rights, and that the directors were proceeding to render the property of defendant company worthless in order to destroy the value of plaintiff's shares. The prayer for relief was that the trustee in the mortgage and the holders of the mortgage debt be enjoined from foreclosing; that the sale of bonds be set aside as fraudulent; that the corporation have judgment against the directors for their devastavit; and that they be removed, and a receiver appointed. *Held*, that the complaint stated a single cause of action, which was for a conspiracy to defraud plaintiff of his interest in the corporation.

Appeal from special term.

Action by F. Stuart Gray against Edward L. Fuller and another. From an interlocutory judgment overruling a demurrer to the complaint, defendant Fuller appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James L. Bishop, for appellant.
James Breck Perkins, for respondent.

FOLLETT, J. This action was begun May 12, 1896, to restrain the individual defendants from further impairing the rights of the

defendant corporation and of the plaintiff, a shareholder therein. The Greigsville Salt & Mining Company is a corporation organized in 1890, under the laws of the state of Pennsylvania, with a capital stock of $300,000, for the purpose of mining and selling salt in the county of Livingston, N. Y., where all of its property is situated and its business is carried on. The plaintiff owns $50,000 of the capital stock, and the remainder is owned by Edward L. Fuller and persons acting with him.

The defendants in this action are divisible into four classes: (1) The corporation the Greigsville Salt & Mining Company; (2) Chauncey H. Strickland, H. N. Wadham, John H. Fellows, Henry F. Simpson, Arthur H. Christy, A. F. Lane, and Charles E. Wade, the directors of the corporation; (3) Edward L. Fuller, Milo M. Belding, James B. Colgate, and Joseph N. Smith, alleged to be fraudulent judgment creditors of the corporation and fraudulent holders of $100,000 of its bonds acquired by a sale under their aforesaid judgments; (4) Platt V. Bryan, a trustee in the mortgage executed February 14, 1895, to secure the payment of $100,000 of the bonds of the corporation. The question arises whether these classes of defendants are so united in interest or so connected with the facts and transactions set out in the complaint that those facts and transactions constitute a cause of action against all of the defendants.

The following facts are alleged in the complaint as the ground for the relief prayed for: (1) That in 1890 the Greigsville Salt & Mining Company began mining and selling salt, and carried on the business successfully until about May 6, 1895, when Edward L. Fuller and other persons acting with him, for the purpose of securing the control of the corporation, purchased all of its stock except that owned by the plaintiff; and that on that date four of the directors of the corporation resigned, and their places were filled by a brother of Edward L. Fuller, by an employé of Edward L. Fuller, by Chauncey H. Strickland, and H. N. Wadham, two of the defendants herein. (2) That February 14, 1895, the corporation executed and delivered to Platt V. Bryan, as trustee, a mortgage upon all of its property, to secure the payment of 100 bonds of $1,000 each, payable on the 1st day of February, 1905, with semiannual interest, which bonds were worth their par value; and that about November 7, 1895, the directors suffered judgments to be recovered against the corporation by Edward L. Fuller, Milo M. Belding, James B. Colgate, and Joseph N. Smith in amounts aggregating $21,790, and suffered said judgment creditors to sell the $100,000 of bonds so issued for the payment of their judgments for 9 cents on the dollar, which sale was suffered by the directors of the corporation for the purpose of bankrupting it and destroying the value of its shares; and that said persons now hold said bonds, and assert that they have the right to foreclose the mortgage, and apply the avails of the sale in payment of said bonds. (3) That, prior to the incorporation of the Greigsville Salt & Mining Company, the Retsof Mining Company was incorporated, and began mining and selling salt on property adjacent to that subsequently acquired

by the Greigsville Salt & Mining Company, and that the individual defendants in this action, except Platt V. Bryan, were and are largely interested in said Retsof Mining Company, and control the same; that May 6, 1895, the works of the Greigsville Salt & Mining Company were closed, in pursuance of the plan of Edward L. Fuller and other persons acting with him, for the purpose of preventing competition with said Retsof Mining Company; and that a large amount of the property of the Greigsville Salt & Mining Company, consisting of machinery, tools, condensers, and other apparatus necessary for the production of salt, were transferred without compensation to the Retsof Mining Company. (4) That in December, 1895, the Retsof Mining Company was involved in a litigation, and was enjoined from delivering salt, except upon certain conditions; and that thereafter the mines of said Greigsville Salt & Mining Company were opened, its business resumed, and it is now being carried on by its directors for the benefit of the Retsof Mining Company. (5) That about March 1, 1896, the defendants, who are directors of the corporation, executed a mortgage to one George Simpson on all of the property of the corporation, to secure the payment of $30,000, which was done without the consent of the stockholders, in fraud of their rights; and that the plaintiff apprehends that an action will be brought to foreclose this mortgage. (6) That Edward L. Fuller is the owner and controller of all the stock of the corporation, except that owned by the plaintiff, and controls the corporation; and that the defendants, who are directors, acting under the direction of Edward L. Fuller, are proceeding to render the property of the Greigsville Salt & Mining Company worthless, for the purpose of destroying the value of the stock of the plaintiff. (7) That, before beginning this action, the plaintiff requested the Greigsville Salt & Mining Company and its directors to bring actions to recover the property, or the value thereof, wrongfully transferred to the Retsof Mining Company, and to set aside the wrongful sale to Edward L. Fuller, Milo M. Belding, James B. Colgate, and Joseph N. Smith of the $100,-000 of the bonds of the corporation; and that his request was refused, and therefore he brings this action in behalf of himself and other stockholders of the corporation who may join in this action. The relief demanded is that Platt V. Bryan, Edward L. Fuller, Milo M. Belding, James B. Colgate, and Joseph N. Smith be restrained from foreclosing the mortgage given to secure the bonds transferred to Fuller, Belding, Colgate, and Smith, and that the pretended sale of the bonds be set aside as fraudulent as against the corporation and the stockholders thereof, and that the corporation have judgment against all the defendants who are directors for their devastavit; that they be removed, and a receiver of the corporation appointed, with power to bring actions to set aside the illegal acts of the individual defendants, and for such other and further relief as shall be just and agreeable to equity. To this complaint, Edward L. Fuller demurs, upon the grounds (1) that causes of action have been improperly united; (2) that the court has not jurisdiction to grant the relief demanded in the complaint,

as against the corporation or its directors; (3) that the complaint does not state facts sufficient to constitute a cause of action against the demurrant. No claim is made against Platt V. Bryan, the trustee in the mortgage, for $100,000, nor against the defendant corporation, Bryan being made a defendant solely to restrain him from foreclosing the mortgage, and the corporation solely because its directors will not suffer it to be made a plaintiff. The complaint is not demurred to on the ground that there is a defect of parties plaintiff or defendant.

As to the other individual defendants, the directors (class 2), and the fraudulent creditors and purchasers of the bonds (class 3), it is in effect alleged that all the illegal acts set forth in the complaint were steps taken by the concurrence of all the individual defendants to sell and acquire the property of the corporation for their own use, and to defraud the plaintiff of his interest therein. The word "conspiracy" is not found in the complaint, but it is alleged that the individual defendants, except Platt V. Bryan, combined to deprive the plaintiff of his interest in the corporation, and did the various acts complained of, in pursuance of the scheme set forth in the complaint, which, in effect, amounts to a conspiracy; and it is not necessary that the scheme be characterized as a conspiracy. It is well settled that in case the directors of a corporation combine with others to defraud a shareholder of his interest in the corporation, by acts of spoliation, such conduct is actionable, and all persons so combining may be made parties defendant in an equitable action brought by a shareholder to restrain the consummation of the wrong, and recover the damages occasioned by the acts. Cook, Stock, Stockh. & Corp. Law (3d Ed.) §§ 645, 663; 4 Thomp. Corp. §§ 4585, 4586; Barr v. Railroad Co., 96 N. Y. 444; Pondir v. Railroad Co., 72 Hun, 384, 25 N. Y. Supp. 560; Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 410, 44 N. E. 1043, and cases there cited. The various acts complained of are set forth as parts of a single scheme, devised and carried on by all the individual defendants, except Platt V. Bryan, some of them acting separate parts, to effect a single purpose; that is, to depreciate the value of the property of the corporation, and then, by means of a foreclosure, to acquire such as had not already been disposed of for their own benefit and the benefit of the rival corporation, and thereby destroy the value of the plaintiff's shares. Several independent causes of action in favor of this plaintiff are not united in this complaint, but a single cause of action is set forth. Had the corporation so elected, it could have maintained an action to recover the bonds acquired by Fuller, Belding, Colgate, and Smith, and also an action to recover of the Retsof Mining Company the property fraudulently transferred to it, and also an action against the directors to recover damages for their devastavit; but the fact that such independent actions could have been maintained by the corporation does not deprive the plaintiff of the right to allege all of these acts as grounds of a single cause of action against all of the actors. Acts of directors and of third persons, though constituting several independent causes of action, in

favor of a corporation, may be so connected as to constitute a single cause of action in favor of a shareholder against all of the wrongdoers, which seems to me to be the case at bar.

A complaint is not demurrable because the facts are informally and imperfectly alleged, or because it lacks definiteness and precision, or because material facts are argumentatively stated, for, as against a demurrer, it will be deemed to contain all that can by a reasonable and fair intendment be implied from the allegations. Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, and 6 App. Div. 509, 39 N. Y. Supp. 707, and 150 N. Y. 572, 44 N. E. 1126, was an action by a receiver of a corporation, not by a stockholder; and that case does not hold that a shareholder may not maintain an equitable action against directors and third persons for wasting the property of the corporation. Mason v. Henry, 83 Hun, 546, 31 N. Y. Supp. 1068. In an equitable action a demurrer will not be sustained because the facts alleged do not entitle the plaintiff to all the relief demanded in the prayer for judgment. Swart v. Boughton, 35 Hun, 281; Porous Plaster Co. of Sing Sing v. Seabury, 43 Hun, 611; Wetmore v. Porter, 92 N. Y. 76. In legal actions all the causes of action must affect all the defendants, but in equitable ones the causes of action are not required to affect all the defendants to the same extent or in the same way, for it is within the power of a court of equity so to mold its judgments as to do equity between all the parties to an action, which a court of law cannot do, and the rules of pleading are not the same in suits in equity as in actions at law. I am of the opinion that facts sufficient to constitute a cause of action against all the defendants are stated in the complaint, and that only a single cause of action in favor of the plaintiff is stated therein.

The second ground of demurrer is not discussed on the briefs, nor was it at the bar of this court; and it cannot be sustained, for in case a foreign corporation is engaged in business in this state, where all its property is situated, it becomes amenable to the laws of this state to the same extent as a domestic corporation. 6 Thomp. Corp. § 7886, and cases there cited.

It follows that the interlocutory judgment should be affirmed, with costs, with leave to the demurrant to withdraw his demurrer and answer on the payment of the costs in the court below and of this appeal. All concur.