Motion is granted, on payment of twenty-five dollars costs.

Motion granted.

---

PORTER, as Stockholder, *v.* INDUSTRIAL INFORMATION COMPANY.

(New York Superior Court—Special Term, October, 1893.)

Where the directors of an insolvent corporation refuse to bring proceedings for its dissolution so that the rights of the creditors and stockholders may be equally distributed, and there is danger that all the assets will be wiped out on executions, a stockholder may maintain an action in equity to compel such distribution of the assets.

Where in such a case it appears that all the rights of the creditors to the assets, except those of judgment creditors, may be absolutely lost, a receiver will be appointed to preserve the assets for the benefit of all.

MOTION for receiver.

*Emil Schultz, Jr.*, for motion.

*S. W. Rosendale, Attorney-General*, opposed.

GILDERSLEEVE, J.   This is an action by a stockholder for the preservation of the assets of the corporation, so that they may be distributed among the creditors equally.   The application for the appointment of a receiver seems to be warranted by section 1810 of the Code, subdivision 3.   The facts, as gathered from the papers before me, seem to be that the corporation is wholly insolvent; that it has defaulted in one lawsuit, and that another will come to judgment shortly; that the directors of the corporation refuse to bring proceedings, so that the rights of the creditors and stockholders of the corporation might be equally distributed, and that there is danger that all the assets of the company will be wiped out on execution of the judgments that will be obtained.   The attorney-

general opposes the application on the technical ground that an action should be brought for the dissolution of the corporation. The directors of the corporation refuse to institute proceedings for a voluntary dissolution, and there is no judgment creditor who could make an application for the preservation of the assets until they can be distributed. Code, §§ 1784–1793. The plaintiff, as a stockholder, makes the application. If it is held that the statutory provision, with regard to the dissolution of corporations (Code, §§ 1785, 1786), is the only means of preserving the assets, the judgments that may be obtained within the next thirty days may render any application to the attorney-general useless. I am of opinion that this is a case wherein the inherent powers of a court of equity should be exercised to interfere in behalf of justice and protect the stockholders and creditors of the corporation. A shareholder is entitled to relief in a court of equity for any infringement of his equitable rights, as member and beneficiary of a corporation, provided that the corporation itself be unable, by reason of the default of its agents, to obtain an adequate remedy within a reasonable time. Morawetz Corp. § 270. The general rule is that courts will, in all cases, provide the shareholders of a corporation with an adequate remedy for the protection of their equitable rights. Morawetz Corp. § 233. It is true that this is not an action for the dissolution of the corporation; it is simply one for the equitable distribution of the assets. There is a distinction between the legal dissolution of a corporation, by extinguishment of its franchises, and a mere cessation of business and distribution of assets. In the former case, the corporate association is wholly destroyed, in contemplation of law; in the latter case, it does not necessarily cease to exist. Morawetz Corp. § 282. But whenever, in the course of events, it proves impossible to attain the real objects for which a corporation was formed, or when the failure of the company has become inevitable, it is the duty of the company's agents to put an end to its operations, and to wind up its affairs; and if the majority should attempt to continue the company's operations, in violation of

264 SUPERIOR COURT.

Hall Steam Power Co. *v.* Campbell Printing Press Co. [Vol. 5.

its charter, or should refuse to make a distribution of the assets, any shareholder, feeling aggrieved, will be entitled to the assistance of the courts. Morawetz Corp. § 284; *Merchants, etc., Line* v. *Waganer*, 71 Ala. 581; *Cramer* v. *Bird*, L. R. (6 Eq.) 143. Inasmuch as the directors of this corporation have failed to perform their duty to protect its creditors and apply for a dissolution of the corporation, I am of opinion that the plaintiff is entitled to bring this suit to compel such distribution of assets. *Knoop* v. *Bohmrich*, 23 Atl. Rep. 118; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Taylor* v. *Earle*, 8 Hun, 1; *Pratt* v. *Jewett*, 9 Gray, 34; *Salem Mill Dam Co.* v. *Ropes*, 6 Pick. 23. Since it appears from the papers before me that, unless the court acts in this matter at once, all the rights of the creditors to the assets of the company, except two probable judgment creditors, may be absolutely lost, but that by the appointment of a receiver to preserve the assets there may be a chance of saving something for the benefit of all the creditors, I think the application should be granted. The objection of the attorney general is purely technical, and should not stand in the way of substantial justice to all the parties interested.

Motion granted.