FREDERICK HOLLENDER, Suing on Behalf of Himself and Other Stockholders Similarly Situated of the "AMERICAN BREWING COMPANY OF ROCHESTER, N. Y.," Now Known as "ROCHESTER FOOD PRODUCTS CORPORATION," Plaintiff, *v.* ROCHESTER FOOD PRODUCTS CORPORATION, Defendant.

Supreme Court, Monroe County, December 29, 1924.

Corporations — dissolution — representative action by minority stockholder on ground that corporation had suspended its ordinary and lawful business for at least one year — corporation was organized prior to enactment of Stock Corporation Law of 1909, § 18 (now Stock Corporation Law of 1923, § 35) — under State Constitution of 1846, article 8, § 1, existing when corporation was organized, Legislature had power to alter charter — corporation was organized to manufacture beer and ale — charter legally amended after enactment of Eighteenth Amendment of Federal Constitution to permit manufacture of foods and beverages — plaintiff cannot maintain this action in equity.

The Legislature had the power to change or alter the statute in existence at the time the defendant corporation was organized in relation to the amendment of its charter, since section 1 of article 8 of the Constitution of 1846 then in existence, provided that all general or special acts relating to corporations might be altered from time to time or repealed. The defendant corporation took its charter subject to the right of the Legislature to subsequently change the statute relating to the amendment of its charter, and, therefore, the defendant had the power to amend its charter under section 18 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, section 35).

The contention by the plaintiff, that the business which the defendant corporation is authorized to transact under its amended charter is not of the same general character as that stated in the original charter and that, therefore, the defendant is operating illegally under the amended charter, is without merit, since it appears that the defendant was organized to manufacture beer and ale and that after the enactment of the Eighteenth Amendment to the Federal Constitution, the

defendant, for the purpose of saving its assets and its business, amended its charter so as to authorize it to manufacture and sell articles of food and beverages and their component parts.

The plaintiff is not entitled to maintain this action in equity to have the corporation dissolved on the ground that it had suspended its ordinary and lawful business for at least one year.  The plaintiff has an adequate remedy at law.

ACTION to dissolve a corporation and to liquidate its assets and effects.

*Lesser & Lesser* and *J. M. E. O'Grady*, for the plaintiff.

*Sutherland & Dwyer* and *S. B. Dicker*, for the defendant.

THOMPSON, J.:

In pursuance to section 18 of the Stock Corporation Law of 1909 (now Stock Corp. Law of 1923, § 35), defendant has amended its charter.  At the time of its original incorporation the only statutory authority for such action was contained in section 39 of chapter 513 of the Laws of 1888, which required, among other things, that such action should be taken within one year from the date of the original certificate.  The Constitution of the State at that time, however, contained the following: " Corporations may be formed under general laws; * * *.  All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed."  (Const. of 1846, art. 8, § 1.)

This constitutional provision read itself into the charter of the defendant corporation, and hence made it subject to subsequent legislation.  Thus the power goes as well to extensions or renewals of pre-existing charters as to subsequent grants of franchises. (12 C. J. 1027, 1028; 7 R. C. L. 97, 113.)

In this wise power to alter the charter of this corporation was reserved by the State, and the reservation became one of the terms of the contract between the State and the corporation, binding alike not only the corporation but its stockholders, in actions brought by them against it, as also the stockholders *inter se*.  (14 C. J. 183, 184.)

" The legislature has the reserved power to so amend the law under which a charter has been taken out as to carry with it a corresponding amendment of the charter itself, either directly or by authorizing the corporation to make the change."  (Rosbrook N. Y. Corp. [2d ed.] 47.)

It must, therefore, be held that section 18 of the Stock Corporation Law of 1909 is binding upon this corporation, and if the alteration attacked comes within its terms, the suit of the plaintiff must fail.

There are two questions here, the decision of either of which

would dispose of the case, but in the circumstances, respective counsel having thoroughly and skillfully submitted each, it is thought best to pass upon both.

Plaintiff claims the amendment of the charter is not an alteration within the meaning of section 18, but a substitution of new, in place of old purposes, and that the purposes proposed are not " of the same general character " as those authorized and exercised by the company by virtue of its original charter. Defendant was first incorporated as " The American Brewing Company of Rochester, N. Y.," and for the purpose of " the manufacture and sale of beer and ale." The Eighteenth Amendment and the Volstead Act having greatly restricted the conduct of this kind of business the corporation undertook to amend its charter so that it might continue its operations and utilize its plant and equipment in a business of the same general character, to wit, to manufacture and sell articles of food and beverages and their component parts. It does not appear what character of foods and beverages, if any, the defendant is engaged, or purposes to engage, in manufacturing; plaintiff seeming to be content to have it appear that the defendant is not engaged, and cannot engage, in the manufacture of beer and ale, for which sole purpose it was created, because such business is in violation of the Eighteenth Amendment and the Volstead Act. And he urges that the corporation has entirely changed its business by these added powers and purposes, so that the amended charter is a nullity, and no business can be done under it.

I do not find my mind in accord with these contentions. The resolution providing for the amendment of the charter expressly negatives the intention the plaintiff ascribes to it, and in terms sets up the statute as its measure of the legality and authority of the business it shall undertake by virtue of it. It must be said that beer and ale may still be legally manufactured, if their alcoholic content be within the prescribed amount. Exercising the limited intelligence permitted to courts by way of judicial cognizance (15 R. C. L. 1123), I think it may be said that there are many kinds of beer and ale, in various degrees of adjacency to the former legalized product, and peculiarly within the ability of this plant to make, which are still permitted to be manufactured and sold. It is also observable that, since the Eighteenth Amendment, brewing companies in many instances have added to their activities the manufacture and sale of soft drinks and ice cream, which, with the modified products mentioned, have, in large measure, succeeded to the commercial field heretofore occupied by alcoholic beverages.

It is, therefore, held that the extension of the business contemplated by the amendment of this charter is within the authorization

of the statute, and that it is not inconsistent with the laws by force of which the corporation was first organized, its charter or its purposes. These changes are made necessary by changed conditions and obviously were inspired by a well-grounded desire and scheme of the corporation to preserve its assets from waste, and thus keep a going concern going. The new sought powers are all consistent with and in extension of the line of the original undertaking. They do not comprise a distinct or new departure from the old project, but they contemplate a proper enlargement upon it and a utilization of the present plant, the machinery, the sales force, and general utilities of the business and, as near as may be, an adaptation thereof to conform to the changed conditions following the Eighteenth Amendment and the Volstead Act. And it must be remembered that these changed conditions are no less business conditions because brought about by law.

As before pointed out, there is constitutional warrant for section 18 of the Stock Corporation Law of 1909, which by its terms contemplates unforeseen changes in business and the consequent adjustments made necessary thereby. The act applies to all corporations whether formed before or since its adoption. It provides also for the adding of any power or purpose to the charter of a corporation, which, *at the time of the alteration,* may apply to corporations engaged in a business of the same general character. It cannot be said that these provisions are in derogation of the constitutional rights of minority stockholders, because they are all a part of their contract with the State, the corporation, and each other. Applying these tests to the case at bar, it must be held that plaintiff has failed to establish a cause of action here. (*People ex rel. D. & H. Co.* v. *P. S. Comm.,* 140 App. Div. 839, 843; Gen. Corp. Law, § 320; *Wright* v. *Minnesota Mut. Life Ins. Co.,* 193 U. S. 657, 663, 664.)

Defendant also contends that this action may not be brought by the plaintiff in equity because the statute provides an adequate and sole remedy in such cases. The clear allegation of the complaint is in effect that the defendant has suspended its ordinary and lawful business for at least one year, and at articles 14 and 15 are found allegations that defendant has not manufactured beer and ale, but that it has, over the protest of the plaintiff, engaged in activities other than those for which it was originally formed. I take it that it thus alleges that the company has suspended its ordinary and lawful business for at least one year, and that in its attempt to do the business in which it has been engaged during that time it has violated the law and has acted without the authority of the statute. In my view the statute

was drawn to cover all possible cases. While it may be that circumstances might combine to move a court of equity to allow a minority stockholder to bring such an action, I do not think the facts of this case are such that this unusual relief should be extended. I, therefore, hold that plaintiff has an adequate remedy at law. (Gen. Corp. Law, § 101, subd. 3; Id. § 102; *Hitch* v. *Hawley*, 132 N. Y. 212, 217.)

Although an amended charter, which contains both proper and improper matters, will not be revoked but will be given full effect in the exercise of its legal powers, if they are separable from the illegal, the attempted exercise of illegal powers will always be restrained by injunction, upon a proper showing. (*Jameson* v. *Hartford Fire Ins. Co.*, 14 App. Div. 380; 7 R. C. L. 98; 14 C. J. 199.)

I have carefully examined the case of *Porter* v. *Industrial Information Co.* (5 Misc. 262). There the corporation was wholly insolvent; it had defaulted in one law suit and another would shortly come to judgment; the directors of the corporation had refused to bring proceedings so that the rights of the creditors and stockholders of the corporation might be equally protected, and there was danger that all of the assets of the company would be wiped out on execution of the judgments that would be obtained. It was, therefore, held that the statutory provision was not adequate because the judgments that might be obtained within the ensuing thirty days would exhaust the total assets and thus render an application to the Attorney-General useless.

The cases are not alike. There are many compelling emergency circumstances in the *Porter* case that are entirely absent from this one. Courts should be slow to interfere in the conduct of corporate business, and should only do so on a clear showing of right and necessity. I do not find such here.

The complaint is, therefore, dismissed, with costs.

So ordered.